**LEGION INSURANCE COMPANY, Plaintiff-Appellee,**

v.

**INSURANCE GENERAL AGENCY, INC., Defendant-Appellant.**

No. 87–1032
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 24, 1987.
Rehearing and Rehearing En Banc Denied Aug. 25, 1987.

P. Michael Jung, Mark M. Donheiser, Dallas, for defendant-appellant.

W. Ralph Canada, Dallas, Tex., Teresa L. Williams, Kansas City, Mo., for plaintiff-appellee.

Before POLITZ, WILLIAMS, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Insurance General Agency, Inc. ("IGAI") appeals the district court's entry of judgment pursuant to 9 U.S.C. § 9 confirming an adverse arbitration award. Confronted with a motion to confirm the arbitration award by Legion and with a cross-motion to vacate or correct under 9 U.S.C. §§ 10, 11 by IGAI, the district court concluded that Legion had failed to meet its burden of proof in challenging the award. We AFFIRM.

Legion first asserts that the district court's entry of judgment on the basis of the parties' cross-motions and supporting documents, without a hearing, was inappropriate and prejudicial because it denied them fair notice and an opportunity to be heard. This argument is meritless. Title 9 U.S.C. § 6 provides that "[a]ny application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions...." Under this directive both parties specifically requested the court to enter an order pursuant to their respective motions. Neither party requested a hearing. Appellant cannot complain on appeal that the district court erred in granting relief specifically requested by the parties under the statutory scheme for confirming or vacating arbitration awards.

Appellant also claims that the district court's failure to take evidence, other than that submitted in the parties' motion papers, severely prejudiced its ability to

present the merits of its claim. Specifically, appellant claims that the district court's decision, based solely on the motion papers and supporting exhibits, was in direct violation of the Federal Rules of Civil Procedure.[1] See Fed.R.Civ.P. 81(a)(3) (Federal Rules applicable to proceedings under Title 9 U.S.C.). We are equally unpersuaded.

Appellant cited the following bases under 9 U.S.C. §§ 10, 11[2] for vacating or modifying the arbitration tribunal's award: (1) The award was clearly erroneous because it exceeded the damages requested and was unsupported by the evidence; (2) The arbitrators exceeded their authority in awarding a sum which was greater than Legion's proven claim; (3) No evidence was offered supporting an award of $269,091.00, making the award irrational; (4) The arbitrators failed to adhere to the agreement providing for arbitration because it is unclear whether they considered the calculations submitted by the defendant, or, alternatively, they failed to consider the calculations which constituted material evidence; (5) The award was a result of material miscalculation of figures; and (6) The award was based on a matter not submitted to the tribunal.

The district court had before it and analyzed the relevant records from the arbitration hearing, comprising 10 documents including the arbitration agreement, the demand for arbitration, calculations setting forth the specific amount of requested damages, memoranda submitted by both parties, and the premium rates and commission schedules upon which Legion based its claim. The arbitration proceeding was not transcribed. The district court determined that there was no support for assertions 1, 2, and 6; the district court also rejected challenges 3, 4, and 5 based on the documentary evidence. Technically, the documentation before the district court was not "in evidence" because its admissibility was not supported by affidavits until after the court entered judgment. Neither party disputed the authenticity of the documents, however, and the district court evidently relied upon them as if admitted by stipulation.

We recognize that some motions challenging arbitration awards may require evidentiary hearings outside the scope of the pleadings and arbitration record. Appellant cites, for example, *Sanco Steamship Co. v. Cook Industries*, 495 F.2d 1260, 1265 (2d Cir.1973), in which the court of appeals reversed an order confirming an arbitration award when the question of an arbitrator's impartiality was decided on an incomplete record. There the court determined that discrepancies between the judge's opinion and the facts in the record required remand to explore fully the relationships between the arbitrator and the parties involved.

---

**1.** We are called upon in this appeal to consider only whether the district court abused its discretion by deciding the motion based solely on documents submitted by the parties rather than by receiving evidence. Appellant does not now reassert its challenges to the arbitration tribunal's award.

**2.** Title 9 U.S.C. § 10 provides that the district court may vacate an award on the following grounds:

    (a) Where the award was procured by corruption, fraud, or undue means.

    (b) Where there was evident partiality or corruption in the arbitrators, or either of them.

    (c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

    (d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

    (e) Where an award is vacated and the time within which the agreement required the award to be made has not expired the court may, in its discretion, direct a rehearing by the arbitrators.

Title 9 U.S.C. § 11 provides that the district court may modify or correct an award on the following grounds:

    (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.

    (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.

    (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

See also *Totem Marine Tug & Barge, Inc. v. North American Towing*, 607 F.2d 649 (5th Cir.1979) (hearing held and arbitral award vacated because of prejudicial misbehavior of arbitrators). Such matters as misconduct or bias of the arbitrators cannot be gauged on the face of the arbitral record alone.

No such case is here presented. The district court was not required by the Federal Rules to conduct a full hearing on appellant's motion. *See* Fed.R.Civ.P. 43(e) (providing that court may direct that motions be decided on the papers rather than after oral testimony); Fed.R.Civ.P. 78 (providing that court may decide motions on written statements of reasons in support and opposition to expedite business). *See also Commerce Park at DFW Freeport v. Mardian Construction Co.*, 729 F.2d 334, 340–41 (5th Cir.1984) (holding that unsupported assertions on the issue of arbitrability did not require evidentiary hearing under 9 U.S.C. § 3); *Imperial Ethiopian Gov't v. Baruch-Foster Corp.*, 535 F.2d 334, 337 n. 10 (5th Cir.1976) (holding that under Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §§ 201–208, which involves summary procedures, district court "was not required to resort to the formal taking of testimony or deposition procedures in order to determine" the issue before it). The error in Appellant's argument with respect to its case is exposed by the remedy it would adopt. Although it asserts no fact sought to be proved if we were to remand for evidentiary development, appellant suggests it would depose "anyone present" at the arbitration proceeding, including the arbitrators, to "recreate the evidence

presented as completely as possible." Appellant's bases for vacating or modifying the arbitration award amounted, however, to evidentiary challenges and unsupported assertions that the arbitrators impermissibly calculated the award. Courts have repeatedly condemned efforts to depose members of an arbitration panel to impeach or clarify their awards. *See, e.g., Andros Compania Maritima v. Marc Rich & Co.*, 579 F.2d 691, 702 (2d Cir.1978). To permit time-consuming, costly discovery simply to replicate the substance of the arbitration would thwart its goal. The statutory bases for overturning an arbitral tribunal are precisely and narrowly drawn to prohibit such complete de novo review of the substance of the award, as distinguished from gross calculation errors or inadequacies in the makeup of the tribunal itself. The district court was well within its discretion to dispose of the issues before it on the record submitted by the parties.[3]

Arbitration proceedings are summary in nature to effectuate the national policy favoring arbitration, and they require "expeditious and summary hearing, with only restricted inquiry into factual issues." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 22, 103 S.Ct. 927, 940, 74 L.Ed.2d 765 (1983). This case posed no factual issues that required the court, pursuant to the Arbitration Act, to delve beyond the documentary record of the arbitration and the award rendered. Discovery of the sort desired by IGAI would result in the court's reviewing the factual and legal accuracy of the award, a task this circuit has foreclosed. *Local Union 59, Int'l. Brotherhood of Elec. Workers, AFL–CIO v. Green Corp.*, 725 F.2d

---

**3.** Appellant asserts two additional points of error. First, appellant claims it was prejudiced by the district court's issuance of a standard "Status Report Order" pertaining to discovery and trial preparation. Appellant argues that it relied on the suggestion in the report that trial on the merits was expected. This argument ignores the summary aspect of this type of proceeding: the district court is directed to summarily dispose of these motions with limited factual inquiry to effect the intention of the parties to resolve their dispute through arbitration. More pointedly, IGAI never moved for reconsideration or otherwise urged upon the trial court its

expectation that further opportunities to develop and submit evidence would be provided. Nor did IGAI commence discovery of any kind after filing its cross-motion to vacate the award.

Second, appellant claims for the first time on appeal that based upon further investigation, Legion's rate increase, which led to this imbroglio, was not approved by the Arizona Board of Insurance, ostensibly making the award improper. This evidence was not presented to the district court and does not appear in the record; therefore, we need not inquire whether such a revelation would have justified the relief sought by IGAI.

264, 268 (5th Cir.), *cert. denied,* 469 U.S. 833, 105 S.Ct. 124, 83 L.Ed.2d 66 (1984). The policy of expediting judicial enforcement of arbitral awards, albeit confuted here, counsels our courts to pierce the rhetoric of parties like IGAI who would embark on a costly legal path solely to challenge the factual or legal accuracy of an arbitration award.

The judgment of the district court is AFFIRMED.