**O.R. SECURITIES, INC.,**
Plaintiff–Appellant,

v.

**PROFESSIONAL PLANNING ASSOCIATES, INC.,**
Defendant–Appellee.

No. 87–8531.

United States Court of Appeals,
Eleventh Circuit.

Oct. 12, 1988.

---

Thompson & Mitchell, W. David Wells, Lawrence Friedman, St. Louis, Mo., for plaintiff-appellant.

Steven Jay Gard, Page & Bacek, Terry Weiss, Vaughan, Davis Birch & Murphy, Atlanta, Ga., for defendant-appellee.

Before FAY and CLARK Circuit Judges, and GONZALEZ *, District Judge.

GONZALEZ, District Judge:

This is an appeal by O.R. Securities, Inc. ("O.R."), from an Order of the district court dismissing O.R.'s Complaint and Application to Vacate Arbitration Award. O.R. had filed suit in district court to vacate an award in the amount of $81,998.00 made by a National Association of Securities Dealers, Inc. ("NASD") arbitration panel against O.R. and in favor of appellee Professional Planning Associates, Inc. ("PPA").

We begin with a brief description of the parties and the arbitration proceedings. WZW Financial Services, Inc. ("WZW"), PPA and O.R. each provide financial planning services to customers. On April 1, 1985, pursuant to an agreement between WZW and PPA, approximately 20 financial planners who had been licensed through WZW resigned from that firm and transferred their licenses to Professional Planning Associates Investments ("PPA Investments"), a newly formed broker dealer wholly owned by PPA. Subsequently, a dispute developed over the amount of commissions which members of PPA Investments claimed were owed to them by WZW pursuant to the agreement. WZW refused to pay the commissions and PPA brought an arbitration proceeding against WZW on August 14, 1985.

On March 6, 1986, PPA amended its claim before the arbitration panel to in-clude O.R., an NASD member, as an additional party. PPA contended that O.R. was properly included in the arbitration proceeding because in October 1985 WZW had transferred "substantially all of its assets" to O.R.[1]

O.R. moved to dismiss the arbitration proceeding against it, on the ground that it was not liable to PPA on a theory of successor liability because it never explicitly or implicitly assumed WZW's liabilities. PPA filed a written response. The arbitration panel did not expressly decide the motion to dismiss, but instead, considered the merits of the parties' respective positions at the arbitration hearing. On July 25, 1986, the panel issued its award in favor of PPA.

In its Complaint and Application to Vacate Arbitration Award filed in the district court, O.R. alleged that the arbitration award "reflected manifest disregard of the law, was arbitrary and capricious, was irrational and was plainly contrary to public policy because it made O.R. Securities liable for WZW's obligations to PPA when O.R. Securities had no legal liability whatsoever to PPA." O.R. also contended that the award "was procured through corruption, fraud, collusion and undue means between PPA and WZW, and the arbitrators did not consider this evidence." O.R. also sought to conduct discovery in order to clarify certain issues raised in the Complaint, namely, (1) the extent and nature of the alleged collusion between WZW and PPA; (2) whether the arbitrators considered O.R.'s arguments against the imposition of liability; and (3) whether there were actual factual and legal bases for imposing liability on O.R. as a successor to WZW.

PPA opposed opening discovery and filed a motion to dismiss the complaint for failure to state a claim for which relief could be granted under the Federal Arbitration

---

* Honorable Jose A. Gonzalez, Jr., U.S. District Judge for the Southern District of Florida, sitting by designation.

1. The transfer of assets from WZW to O.R. arose out of a September 26, 1985 agreement between those two companies. Under the agreement, O.R. purchased WZW's customer accounts and certain of its sales representative contracts.

PPA contends the sale amounted to a continuation of WZW's business by O.R. or a fraudulent conveyance of assets made by WZW shortly after commencement of the arbitration proceedings. O.R. argues that the sale was merely a sale of corporate assets for cash with no resulting successor liability.

Act, 9 U.S.C. § 1 *et seq.* The district court denied the request to conduct discovery and dismissed O.R.'s complaint. In dismissing the complaint, the district court refused to recognize the "manifest disregard of the law" standard proposed by O.R. and stated that even if it were a proper ground for vacating the arbitration award, manifest disregard of the law was not shown on the face of the complaint. The district court also found that O.R.'s Complaint did not state sufficient facts to support vacating the arbitration award on the ground of fraud. The district court's Orders denying discovery and dismissing O.R.'s Complaint are now before us.[2]

O.R. contends the district court erred in dismissing O.R.'s complaint because PPA failed to prove that O.R. could "prove no set of facts in support of [its] claim which would entitle it to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). O.R. argues that under the rules of notice pleading, Fed.R.Civ.P. 8(a), it had stated a claim for vacating the arbitration award and the district court erred in dismissing the Complaint and in not permitting discovery on the claims raised.

O.R. misconstrues the procedures which the district courts must follow when considering a request to vacate an arbitration award. Under the Arbitration Act, an application to vacate an award "shall be made and heard in the manner provided by law for the making and hearing of motions." 9 U.S.C. § 6. Rule 81(a)(3), Federal Rules of Civil Procedure, provides that the Federal Rules of Civil Procedure apply to proceedings brought under the Arbitration Act "only to the extent that matters of procedure are not provided for in those statutes." Fed.R.Civ.P. 81(a)(3). Under Fed.R.Civ.P. 7(b), "[a]n application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought."

The policy behind section 6 "is to expedite judicial treatment of matters pertaining to arbitration." *World Brilliance Corp. v. Bethlehem Steel Co.,* 342 F.2d 362, 365–66 (2d Cir.1965) citing S.Rep. No. 536, 68th Cong., 1st Sess. (1924); H.R.Rep. No. 96, 68th Cong., 1st Sess. (1924). "The statutes and rules do not permit a party to initiate a challenge to an arbitration award by filing a complaint or an "Application [to Vacate Arbitration Award]." *Interior Finish Contractors Association of Delaware Valley v. Drywall Finishers Local Union No. 1955,* 625 F.Supp. 1233, 1240 (E.D.Pa.1985). It is clear that such a request for relief shall be made in the form of a motion as provided in Fed.R.Civ.P. 7(b).

The manner in which an action to vacate an arbitration award is made is obviously important, for the nature of the proceeding affects the burdens of the various parties as well as the rule of decision to be applied by the district court. If, as O.R. contends, the application to vacate the award may be brought in the form of a complaint, then the burden of dismissing the complaint would be on the party defending the arbitration award. The defending party would be forced to show that the movant could not prove any facts that would entitle him to relief from the arbitration award. *See Conley,* 355 U.S. at 45–46, 78 S.Ct. at 102, 2 L.Ed.2d at 84. If the defending party did not prevail on its motion to dismiss, the proceeding to vacate the arbitration award would develop into full scale litigation, with the attendant discovery, motions, and perhaps trial. This is the procedure which O.R. argues the district court should have applied.

■ We disagree. It is well-established that "[t]he purpose of the Federal Arbitration Act was to relieve congestion in the courts and to provide parties with an alternative method for dispute resolution that would be speedier and less costly than litigation." *Ultracashmere House, Ltd. v.*

---

2. PPA's Motion for Attorney's Fees was still pending in the district court at the time O.R. filed its Notice of Appeal. Because we find that PPA's request for attorney's fees is collateral to the main action, the district court's Order of Dismissal is a final, appealable order under 28 U.S.C. § 1291. *See C.I.T. Corp. v. Nelson,* 743 F.2d 774 (11th Cir.1984).

*Meyer,* 664 F.2d 1176, 1179, (11th Cir.1981). The policy of expedited judicial action expressed in section 6 of the Federal Arbitration Act, 9 U.S.C. § 6, would not be served by permitting parties who have lost in the arbitration process to file a new suit in federal court. The proper procedure, as discussed above, is for the party seeking to vacate an arbitration award to file a Motion to Vacate in the district court.

▉▉▉ The fact that this motion came before the district court on PPA's Motion to Dismiss Complaint does not affect our disposition of this case. "The liberality of the ... Federal Rules is such that an erroneous nomenclature does not prevent the court from recognizing the true nature of a motion." *Sacks v. Reynolds Securities, Inc.,* 593 F.2d 1234, 1239 (D.C.Cir.1978) (citation omitted). The memoranda of both parties submitted to the district court adequately briefed the issue of whether the arbitration award in question should have been vacated. Thus, we hold that the district court did not err in considering the merits of O.R.'s request to vacate the arbitration award.[3] We now review the proceedings below as though O.R. had filed a Motion to Vacate and PPA had opposed that motion. *See id.* at 1239.

In reviewing the district court's disposition of a motion to vacate, we consider whether the district court abused its discretion under the Arbitration Act. *Bonar v. Dean Witter Reynolds, Inc.,* 835 F.2d 1378, 1383 (11th Cir.1988). Section 10 of the Arbitration Act specifies the following grounds for vacating an arbitration award:

(a) Where the award was procured by corruption, fraud, or undue means.

(b) Where there was evident partiality or corruption in the arbitrators, or either of them.

(c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing ... or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10. Courts are generally prohibited from vacating an arbitration award on the basis of errors of law or interpretation. *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953).

However, several courts have mentioned the proposition that a "manifest disregard of the law" by the arbitrators may warrant vacating the award. *See Jenkins v. Prudential–Bache Securities, Inc.,* 847 F.2d 631 (10th Cir.1988); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker,* 808 F.2d 930 (2d Cir.1986); *Stroh Container Co. v. Delphi Industries, Inc.,* 783 F.2d 743 (8th Cir.) *cert. denied,* 476 U.S. 1141, 106 S.Ct. 2249, 90 L.Ed.2d 695 (1986) (court declined to expressly adopt manifest disregard of law standard where arbitration award would be affirmed even under that standard). The judicially created manifest disregard of the law standard was first mentioned in *dictum* by the Supreme Court in *Wilko v. Swan,* 346 U.S. 427, 436–37, 74 S.Ct. 182, 187–88, 98 L.Ed. 168 (1953). The Court in *Wilko* recognized that courts have limited power to vacate arbitration awards, but stated that

[w]hile it may be true ... that a failure of the arbitrators to decide in accordance with [applicable law] would "constitute grounds for vacating the award pursuant to section 10 of the Federal Arbitration

---

**3.** We also find that the district court did not err in conducting a summary procedure. As discussed in *Legion Insurance Co. v. Insurance General Agency, Inc.,* 822 F.2d 541, 543 (5th Cir.1987):

The district court was not required by the Federal Rules to conduct a full hearing on appellant's motion [to vacate the arbitration award]. *See* Fed.R.Civ.P. 43(e) (providing that court may direct that motions be decided on the papers rather than after oral testimony); Fed.R.Civ.P. 78 (providing that court may decide motions on written statements of reasons in support and opposition to expedite business).

Because we find, *infra,* O.R. failed to allege sufficient bases to support its claims for relief, the district court was not required to hold an evidentiary hearing.

Act," that failure would need to be made clearly to appear.... [T]he interpretations of the law by the arbitrators in contrast to manifest disregard are not subject, in the federal courts, to judicial review for error in interpretation.

*Wilko,* 346 U.S. at 436–37, 74 S.Ct. at 187–88, 98 L.Ed. 176 (footnotes omitted).

The courts which have recognized the manifest disregard of law standard define it as necessarily meaning "more than error or misunderstanding with respect to law." *Bobker,* 808 F.2d at 933 (citations omitted). Manifest disregard "may be found 'when arbitrators understand and correctly state the law, but proceed to disregard the same.'" *Stroh Container Co.,* 783 F.2d at 750 (citations omitted).

■ O.R. contends that the arbitrators exhibited a manifest disregard of the law when they held O.R. jointly and severally liable. First, O.R. claims that the arbitrators failed to consider the applicable law because they never ruled on O.R.'s Motion to Dismiss. This argument is without merit, as the arbitration transcript (which was before the district court), clearly shows that the panel heard evidence and argument on the merits of O.R.'s position.

■ Next, appellant argues that the panel's conclusions that O.R. was liable plainly contradicts the evidence presented as well as the law of successor liability, and that therefore, the panel acted in manifest disregard of the law. We are not convinced that the district court abused its discretion in holding that O.R. failed to establish a manifest disregard of the law by the arbitrators. First, this circuit has never adopted manifest disregard of the law as a ground for vacating an arbitration award. However, we need not decide that issue today because even if we were to accept such a ground, O.R. has failed to make any showing that the arbitrators acted in manifest disregard of the law.

The arbitrators' decision fails to provide any explanation for their conclusion that O.R. is liable to PPA. It is well-settled, however, that arbitrators are not required to explain their reasons for an award. *Wilko,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168. O.R. argues that the arbitrators' silence, combined with their failure to rule on O.R.'s Motion to Dismiss, compels a finding that the panel ignored the law.

Contrary to O.R.'s arguments, "the absence of express reasoning by the arbitrators [does not] support the conclusion that they disregarded the law." *Stroh Container Co.,* 783 F.2d at 750. In fact, when the arbitrators do not give their reasons, it is nearly impossible for the court to determine whether they acted in disregard of the law. "[T]o allow a court to conclude that it may substitute its own judgment for the arbitrator's whenever the arbitrator chooses not to explain the award would improperly subvert the proper functioning of the arbital process...." *Id.,* citing *Sobel v. Hertz, Warner & Co.,* 469 F.2d 1211, 1214 (2d Cir.1972).

■ If a court is to vacate an arbitration award on the basis of a manifest disregard of the law, there must be some showing in the record, other than the result obtained, that the arbitrators knew the law and expressly disregarded it. We recognize that this would be extremely difficult where the arbitrators failed to state the reasons for their decision.[4] However, we repeat that a party seeking to vacate an arbitration award on the ground of manifest disregard of the law may not proceed by merely objecting to the results of the arbitration. To do so would result in relitigation of the claim, in violation of the basic purposes of arbitration: a fast, inexpensive resolution of claims.

■ O.R. argues that the district court should have permitted discovery so that it could determine whether the arbitrators disregarded the law. We find that the district court did not abuse its discretion in not permitting discovery on this issue. "Arbitration proceedings are summary in nature to effectuate the national policy of

---

**4.** This problem is, perhaps, a strong argument in support of not recognizing manifest disregard of the law as a basis for vacating an arbitration award, but it does not affect our disposition of this case.

favoring arbitration, and they require 'expeditious and summary hearing, with only restricted inquiry into factual issues.'" *Legion Insurance Co. v. Insurance General Agency, Inc.*, 822 F.2d 541, 543 (5th Cir.1987) quoting *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 22, 103 S.Ct. 927, 940, 74 L.Ed. 2d 765 (1983).

■ The record of the arbitration proceedings in this case shows that the issue of successor liability was clearly presented to the arbitrators and the arbitrators declined to state reasons for their conclusions. This ends the inquiry. The district court properly denied discovery of the arbitrators and of the merits of O.R.'s claims. "Courts have repeatedly condemned efforts to depose members of an arbitration panel to impeach or clarify their awards." *Legion Insurance Co.*, 822 F.2d at 543. Furthermore, O.R. cannot be permitted to relitigate the merits of its claim. For the reasons stated above, we hold that the district court did not abuse its discretion in dismissing O.R.'s request to vacate the arbitration award on the ground that O.R. had failed to show a manifest disregard of the law.[5]

O.R. also argues that the district court abused its discretion in dismissing its complaint, because the complaint stated a claim for vacating the award on the basis of fraud under 9 U.S.C. § 10(a). We now turn to that issue.

■ At the outset, we note that as the moving party, O.R. had the burden to set forth sufficient grounds to vacate the arbitration award in his moving papers. The rules of notice pleading, Fed.R.Civ.P. 8, do not apply to a proceeding to vacate an arbitration award, as all relief must be sought in the form of a motion. *See supra*, 745–46.

In order to prevail on a motion to vacate on the grounds of fraud, O.R. must meet the three requirements set forth in *Bonar v. Dean Witter Reynolds, Inc.*, 835 F.2d 1378, 1383 (11th Cir.1988). First, it "must establish fraud by clear and convincing evidence." *Id.* "Second, the fraud must not have been discoverable upon the exercise of due diligence prior to or during the arbitration." *Id.* Finally, O.R. "must demonstrate that the fraud materially related to an issue in the arbitration." *Id.*

To support its claim of fraud, O.R. alleges that Joseph T. Weinrich, President of WZW, "incorrectly testified [at the arbitration proceeding] that he became an officer of O.R. Securities after the purchase of assets, and may have made other incorrect statements to support the false contention that O.R. Securities became a successor to WZW." O.R. also contends that PPA and WZW constructed a fraud whereby WZW failed to comply with PPA's numerous document requests. O.R. contends that the arbitrators held WZW's failure to comply against O.R.

■ The issue of WZW's failure to comply with discovery requests of PPA is clearly meritless. The arbitration transcript shows that O.R. *and PPA* specifically noted at the hearing that there had been no request for production of documents made of O.R.[6] The record before the district court clearly showed no evidence of fraud with respect to the withholding of documents. The district court did not abuse its discretion in denying discovery on this issue.

---

**5.** O.R. argues that the district court erred in dismissing the Complaint without ruling on O.R.'s contention that the award was irrational, violated public policy and exceeded the arbitrator's powers. We find no error, as O.R. simply raises these additional grounds to re-argue the merits of the issues before the arbitrators.

**6.** The transcript of the arbitration contains the following:

[Arbitrator]: Insofar as we know, there were, there were documents requested by the claimant, requested of O.R. Securities.

[PPA]: No, they were requested of WZW, and among those were the financial statements.

[Arbitrator]: And we have not, we've been told they were not produced.

[O.R.]: And I want to make it clear again that no one ever asked OR Securities to produce documents.

[PPA]: *That's correct.* We asked WZW to produce those financial statements. They have not been produced. That's why we're asking for verbal testimony at this time.

Arbitration transcript, p. 89, 1. 10–22 (emphasis added).

■ Likewise, we find that the district court did not abuse its discretion in not permitting discovery or further proceedings in regard to the issue of the alleged false testimony by WZW's president. The truth or falsity of Mr. Weinrich's testimony was or should have been noticed by O.R. during the course of the arbitration proceedings. As such, O.R. had the opportunity to cross-examine on the alleged false testimony. Because the alleged fraud was discoverable during the arbitration proceedings, O.R. may not seek to vacate the judgment on that ground. *See Bonar*, 835 F.2d at 1383.[7]

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

**7.** Unlike the "incorrect" testimony allegedly offered in the present case, the false nature of the testimony in *Bonar* was not readily apparent. There, a witness completely falsified his credentials so as to be designated an expert. The opposing party was unable to investigate the witness' credentials prior to the arbitration proceeding because the rules of the American Arbitration Association do not provide for a prior exchange of witness lists. *Bonar,* 835 F.2d at 1384. Thus, the fraud was not discoverable prior to or during the arbitration process.