Renard D. CHROBAK *v.* EDWARD D. JONES & CO.,
Ray Raley, and William Nichols

CA 93-664 878 S.W.2d 760

Court of Appeals of Arkansas
Division II
Opinion delivered June 15, 1994

106

*Donald J. Adams* and *John Putman*, for appellant.

*Shults, Ray & Kurrus*, by: *Steve Shults*, for appellees.

JAMES R. COOPER, Judge. The appellant filed a complaint seeking to vacate an unfavorable award granted by an arbitration panel. The trial judge declined to vacate the arbitration award, finding that the appellant failed to raise a substantive issue sufficient to avoid the arbitration procedure and the finality of the award. From that decision, comes this appeal.

For reversal, the appellant contends that the court erred in dismissing his motion to vacate the arbitration award without first allowing him to engage in discovery proceedings or giving him an evidentiary hearing. We find no error and affirm.

In 1982, the appellant made an investment with the appellees. The appellant's investment was eventually lost, and he sought damages through arbitration in the amount of $75,655.00, contending wrongful conduct on the part of the appellees. An arbitration panel comprised of Harvey Bell, Garland Binns, and Mr. Harkins (hereinafter referred to as "Panel 1") was formed to decide the appellant's claim, and Binns was elected chairman. At Panel 1's hearing of the claim, the appellant appeared pro se and was allowed to present testimony and to introduce documentary evidence. After the hearing was concluded, but before a decision was handed down, arbitrator Harvey Bell questioned the role of the National Association of Security Dealers (NASD) in the selection of Panel 1. He contended that Chairman Binns, who had been appointed as a public arbitrator, should have been classified as a securities industry arbitrator. Mr. Bell also alleged that Binns had made evidentiary decisions without a two-thirds

vote of the panel. Because of Mr. Bell's allegations, which could have resulted in questions being raised after a decision by Panel 1, the arbitrators of Panel 1 resigned without making an award and decided the matter should be referred to a newly-constituted panel (hereinafter referred to as "Panel 2.") By a letter dated August 10, 1989, NASD attorney John Barlow informed the parties of the alleged problems with Panel 1 and the need for the appellant's claim to be reheard by a second panel. Among other things, his letter advised the parties that Harvey Bell had questioned Mr. Binns' status as a public arbitrator and that Mr. Bell felt that the entire panel did not participate in the evidentiary decisions as required by the Code of Arbitration Procedure.

In response to this letter, the appellant wrote to Mr. Barlow and suggested that the second panel review the exhibits and taped recordings from the first hearing held before Panel 1 rather than hold another hearing. Mr. Barlow then sent the parties a second letter which advised them of the appellant's suggestion.

The parties were later advised of the names of the arbitrators who were to comprise Panel 2. There being no objection, Panel 2 met and reviewed the tapes and exhibits from the first hearing, determined they were adequate for a decision, and that there was no reason to see the parties in person or request further testimony. Panel 2 then rendered its decision dismissing the appellant's claim.

The appellant filed a complaint in the Boone County Circuit Court, seeking to vacate Panel 2's award, obtain a full evidentiary hearing with regard to the conduct of the arbitration proceedings in Cause No. 88-00359, and after such hearing, for his cause to be remanded for arbitration in a fair, just, and impartial manner. The appellant alleged that he had proceeded with arbitration in front of Panel 1 with the true bias, prejudice, and the background of the panel members hidden and camouflaged from him; that such bias and prejudice had impacted the conduct of the entire proceedings, including but not limited to the introduction and rejection of evidence as well as the deliberations of the panel; that Harvey Bell had informed the NASD that the appellant had not received a fair and impartial hearing but that such information was not divulged to the appellant; and that he was merely informed that there had been procedural irregulari-

ties in the formation of Panel 1 and they had therefore resigned without rendering an award.

The appellant also filed an affidavit which was considered by the court in making its determination. The affidavit repeats the allegations in the appellant's complaint to vacate and adds that, since the rendition of his award, he, along with Harvey Bell, had been interviewed for the ABC program "20/20," and, in the course of that interview, he learned that Bell had filed a dissent in connection with the hearing held by Panel 1 and had made a statement to the "20/20" interviewer that the appellant had not received a fair hearing.

In his affidavit, the appellant also states that the "20/20" video program was shown in June 1990. It is clear from the video that Harvey Bell was not aware that the appellant had been given a second hearing at the time he was interviewed. On March 11, 1993, the trial court entered its order denying the appellant's motion for an evidentiary hearing and confirming the arbitration award.

On appeal, the appellant asserts that the trial court erred in dismissing his motion to vacate without allowing him to engage in discovery or giving him an evidentiary hearing. Judicial review of an arbitration award is more limited than appellate review of a trial court's decision; whenever possible, a court must construe an award so as to uphold its validity. *Arkansas Dep't of Parks and Tourism* v. *Resort Managers, Inc.*, 294 Ark. 255, 260, 743 S.W.2d 389 (1988).

> The fact that parties agree to submit their disputes to arbitration implies an agreement to be bound by the arbitration board's decision, and every reasonable intendment and presumption is in favor of the award; it should not be vacated unless it clearly appears that it was made without authority, or was the result of fraud or mistake, or misfeasance or malfeasance. Unless the illegality of the decision appears on the face of the award, courts will not interfere merely because the arbitrators have mistaken the law, or decided contrary to the rule of established practice as observed by courts of law and equity. *Alexander* v. *Fletcher*, 206 Ark. 906, 175 S.W.2d 196 (1943); *Kirsten* v. *Spears*, 44 Ark. 166 (1884).

*McLeroy* v. *Waller*, 21 Ark. App. 292, 294, 731 S.W.2d 789 (1987). Generally, Arkansas follows other states' courts in discouraging setting aside arbitration awards. *See Department of Parks* v. *Resort Managers*, 294 Ark. at 260. Arkansas Code Annotated § 16-108-212(a) (1987) provides in part:

> (a) Upon application of a party, the court shall vacate an award where:
>
> (1) The award was procured by corruption, fraud, or other undue means;
>
> (2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;. . .

In *Arkansas Department of Parks & Tourism* v. *Resort Managers, supra,* the Court explained "undue means":

> *[U]ndue means* . . . means something akin to fraud and corruption. "Undue means" goes beyond the mere inappropriate or inadequate nature of the evidence and refers to some aspect of the arbitrator's decision or decision-making process which was obtained in some manner which was unfair and beyond the normal process contemplated by the arbitration act.

*Id.* at 260 (quoting *Seither & Cherry Co.* v. *Illinois Bank Bldg. Corp.,* 95 Ill. App. 3d 191, 419 N.E.2d 940 (1981)).

 Although the appellant makes no contention that Panel 2 was biased or prejudiced against him, he argues that he was not given a fair hearing because Panel 2's decision was based on the record made in the first hearing; however, it is well established that the interest, partiality, or bias which will overturn an arbitration award must be certain and direct, and not remote, uncertain or speculative, and the party attempting to set aside the award bears the burden of proof to establish partiality. *Dean Witter Reynolds, Inc.* v. *Deislinger,* 289 Ark. 248, 251, 711 S.W.2d 771 (1986). The trial court found that the appellant failed to demonstrate a factual nexus between Panel 1 and Panel 2, stating that:

> It is axiomatic that if Plaintiff is to prevail that he must show and legally demonstrate a factual nexus between

the second arbitration panel and the first arbitration panel of such a character as to taint the entire arbitration procedure. Indeed the factual nexus must prove such abuse, prejudice or pervasive misconduct that the decision of the second panel would be nullity.

. . . .

However, contrary to the factual assertions by the Plaintiff and conceding the propriety of the second panel by both parties, the Court finds the following to be shown by the record — specifically the decision by the second panel of arbitrators:

1. That Plaintiff initiated the second proceeding and specifically recommended the procedure of reliance on the exhibits and cassette tapes by the second panel; and

2. That the Plaintiff was certainly placed on notice of problems of potential issues with respect to the initial panel, but chose not to require any further explanation; and

3. That the new panel independently considered the evidence and considered the submitted evidence to be adequate and no further testimony was needed.

Defects in proceedings prior to or during arbitration may be waived if a party acquiesces to the arbitration with knowledge of the defects; moreover, if the impeaching party's own action contributes to a variance from the prescribed procedure, such party may be estopped to complain of the variance. *Gibbons v. United Transportation Union*, 462 F. Supp. 838, 842 (E.D. Ill. 1978). When the reasons supporting an objection are known beforehand, failure to object will not be excused. *Apperson v. Fleet Carrier Corp.*, 879 F.2d 1344, 1359 (6th Cir. 1989), *cert. denied*, 495 U.S. 947 (1990). The successful party in a grievance may not rely on the failure to object for bias, however, unless all the facts now argued as to the alleged bias were known as the time the joint committee heard their grievances. *Id.* at 1358-59. We hold that the trial court did not err in holding that the appellant failed to establish a factual nexus between Panels 1 and 2.

Nor do we think the chancellor erred in refusing to allow the appellant an evidentiary hearing. The appellant has failed to show how deposing Harvey Bell would show any bias or prejudice on the part of the second panel. A court is not required to permit discovery in order to allow a party seeking to vacate an arbitration award to determine whether arbitrators disregard the law in reaching an award. *See O.R. Securities, Inc.* v. *Professional Planning Assoc., Inc.*, 857 F.2d 742, 748-49 (11th Cir. 1988). If a court is to vacate an arbitration award on the basis of a manifest disregard of the law, there must be some showing in the record that the arbitrator knew the law and expressly disregarded it; a party seeking to vacate an arbitration award on the ground of manifest disregard of the law may not proceed by merely objecting to the results of the arbitration. *Id.* at 747.

In denying the appellant's request for an evidentiary hearing, the trial court stated:

> The proper conduct of review in this case requires that the issue of the demand for an evidentiary hearing be resolved preliminarily. Under the factual content it is readily apparent that the limited focus of an evidentiary hearing would be to discover or to explore the issue of bias or prejudice by the original arbitrators. Such a hearing would then be premised upon the existence of a pervasive taint originating in the first hearing and its having adversely impacted the second hearing. The court finds from a complete and concerned review of all things — pleadings, exhibits, arbitration award, affidavit of Plaintiff, letters of arbitration panel, and the dissenting opinion of Harvey L. Bell, Arbitrator — that the single factual component is the statement in the latter opinion that, "Mr. Binns, as Chairman, ruled on the introduction or rejection of evidence without the formal vote of two-thirds of the panel." The Court so holds, being mindful of blanket statements of bias and prejudice, but the Court cannot and the Plaintiff has not, shown how any other issue of taint could transfer itself from one hearing to another.

The appellant cites *Legion Insurance Co.* v. *Insurance General Agency, Inc.*, 822 F.2d 541 (5th Cir. 1987), for the proposition that evidentiary hearings are required where a party's motion

challenges the misconduct or bias of an arbitrator. In that case, the appellant claimed the district court's failure to take evidence other than that submitted in the motion severely prejudiced its ability to present the merits of its claim. Although the court affirmed the district court's denial of a hearing, it stated in dictum: "We recognize that some motions challenging arbitration awards may require evidentiary hearings outside the scope of the pleadings and arbitration record. . . . Such matters as misconduct or bias of the arbitrators cannot be gauged on the face of the arbitral record alone." 822 F.2d at 542-43. The court went on to state:

> The error in Appellant's argument with respect to its case is exposed by the remedy it would adopt. Although it asserts no fact sought to be proved if we were to remand for evidentiary development, appellant suggests it would depose "anyone present" at the arbitration proceeding, including the arbitrators, to "recreate the evidence presented as completely as possible." Appellant's bases for vacating or modifying the arbitration award amounted, however, to evidentiary challenges and unsupported assertions that the arbitrators impermissibly calculated the award. Courts have repeatedly condemned efforts to depose members of an arbitration panel to impeach or clarify their awards. To permit time-consuming, costly discovery simply to replicate the substance of the arbitration would thwart its goal. The statutory bases for overturning an arbitral tribunal are precisely and narrowly drawn to prohibit such complete de novo review of the substance of the award, as distinguished from gross calculation errors or inadequacies in the makeup of the tribunal itself. The district court was well within its discretion to dispose of the issues before it on the record submitted by the parties.
>
> Arbitration proceedings are summary in nature to effectuate the national policy favoring arbitration, and they require "expeditious and summary hearing, with only restricted inquiry into factual issues." This case posed no factual issues that required the court, pursuant to the Arbitration Act, to delve beyond the documentary record of the arbitration and the award rendered. Discovery of the sort desired by IGAI would result in the court's reviewing the factual and legal accuracy of the award, a task this circuit has foreclosed.

*Id.* at 543 (citations omitted).

The appellant also relies on *Andros Compania Maritima* v. *Marc Rich & Co.*, 579 F.2d 691 (1978), in which the appellant moved to vacate an arbitration award and sought an evidentiary hearing. In affirming the district court's denial of an evidentiary hearing, the appellant Marc Rich claimed that one of the arbitrators had failed to disclose information that might have created an impression of bias and that the district court denied him an adequate opportunity to present his claim that the arbitrator had not made a full and fair disclosure. The court noted, however, that the appellant in that case had not demonstrated that the arbitration award should be set aside, but only that it was denied a chance to show why it should be done.

> Judge Brieant obviously regarded Marc Rich's petition as a classic example of a losing party seizing upon "a pretext for invalidating the [arbitration] award." *Commonwealth Coatings*, supra, 393 U.S. at 151, 89 S.Ct. at 340 (White, J., concurring). We believe that the judge properly denied discovery on this issue and was justified in refusing to explore it further.
>
> In so deciding, we do not dispute the authorities maintaining that the discovery procedures of the Federal Rules of Civil Procedure are generally applicable to Title 9 proceedings. But in the special context of what are in effect post hoc efforts to induce arbitrators to undermine the finality of their own awards, we agree with the district court that any questioning of arbitrators should be handled pursuant to judicial supervision and limited to situations where clear evidence of impropriety has been presented.

*Id.* at 702-03 (citations omitted). Given the absence of clear evidence of impropriety with respect to Panel 2, we cannot say that the trial judge erred in denying the appellant's request for an evidentiary hearing.

Affirmed.

JENNINGS, C.J., and ROBBINS, J., agree.