**ELGIN SWEEPER COMPANY, Guzzler Manufacturing, Inc., Plaintiffs,**

v.

**POWERSCREEN INTERNATIONAL, PLC, Defendant.**

Civ. A. No. 94–G–0623–S.

United States District Court, N.D. Alabama, Southern Division.

Nov. 1, 1994.

Linda A. Friedman, Richard H. Monk, III, Bradley, Arant, Rose & White, Birmingham, AL, Anthony C. Valiulis, John H. Ward, Joanne A. Sarasin, Much Shelist Freed Denenberg & Ament, Chicago, IL, for plaintiffs.

James L. Goyer, III, Tony G. Miller, Jeffrey R. McLaughlin, Maynard, Cooper & Gale, P.C., Birmingham, AL, for defendant.

## MEMORANDUM OPINION

GUIN, Senior District Judge.

Through error, prior to the allotted time for Powerscreen International, PLC, [hereinafter Powerscreen] to respond to plaintiff's objection to Magistrate Judge Green's order granting a protective order, on October 24, 1994, the court ordered that the plaintiffs be allowed to take the deposition of the Arthur Anderson arbitrator. Subsequently, Powerscreen's memorandum in opposition to the plaintiff's objection was received, as well as a motion to reconsider the October 24, 1994, order. Having reconsidered the objection to Magistrate Judge Greene's protective order and the opposition to the objection, the court is of the opinion that the October 24, 1994, order should stand.

Powerscreen directs the court to *O.R. Securities, Inc. v. Professional Planning Associates, Inc.*, 857 F.2d 742, 747–48 (11th Cir. 1988) ("Courts have repeatedly condemned efforts to depose members of an arbitration panel to impeach or clarify their awards.") (quoting *Legion Insurance Company, v. Insurance General Agency, Inc.*, 822 F.2d 541, 543 (5th Cir.1987)). *O.R.*, however, addresses the question of whether a court should be able to substitute its judgment for that of the arbitrator's. In the instant case the court is not trying to vacate the arbitrator's decision. The October 24, 1994, order specifically states the following:

[A]ll issues decided by the arbitrator or all issues that could have been decided by the arbitrator be and they hereby are RULED out of the case. It is

FURTHER ORDERED that the court is only interested in applying the rules of accounting; the numbers reached by the arbitrator are NOT under attack; and, the court will NOT consider changing said numbers.

*O.R.* is distinguishable from the instant case for another reason. Arthur Anderson set forth the arrangements by which it would serve as arbitrator in an August 13, 1993, letter to Powerscreen and Federal Signal Corporation [hereinafter Federal Signal]. Under the section entitled "Report," on page 8, initialed by Barry Cosgrove, Finance Di-

rector of Powerscreen, the following arrangement is set forth:

Our report will be made in writing, will be addressed and delivered to both parties to the dispute, and will set forth our determination of the Net Book Value of Guzzler based on the Closing Balance Sheet submitted by Buyer, the objections submitted by Seller and the results of the arbitration proceedings in light of the terms and conditions of Section 4 and the Stock Purchase Agreement. The report will not state the reasons for our conclusions, although we will present the basis for our conclusions orally at a meeting of the parties to be scheduled concurrently with delivery of the report.[1]

On June 13, 1994, at the offices of Arthur Anderson in Atlanta, Georgia, George R. Vrana, the arbitrator, and David Tapley, also of Arthur Anderson, gave an oral report to the parties. The oral report distinguishes the above-styled case from *O.R.* Present at the meeting were Jeffrey McLaughlin, one of the attorneys representing Powerscreen; Richard L. Ritz, Charles Campbell, and Kim A. Wehrenberg for Elgin Sweeper Company [hereinafter Elgin]; and, Anthony C. Valiulis, one of Elgin's attorneys. The court has been advised that Mr. Vrana went over the decision for each issue at the meeting. Acceptance of Arthur Anderson's condition of an oral report and the voluntary participation in meeting for its delivery and receipt evidence a meeting of the minds constituting a modification of the "Stock Purchase Agreement."

By consenting to an oral report the parties made it possible for them to know the reasoning behind the arbitrator's decision. The court, too, is entitled to know from the person who made the report what was in the report or what could have been in the report—what was decided and why—in order to decide Powerscreen's motion for summary judgment and the issues before the court. While being asked to decide the case before it, the court is the only party to the proceedings without knowledge of the contents of the oral report. The court needs to know this because, among other things, adjustment to, or creation of, reserves for losses will affect damages plaintiff may be entitled to receive (such reserves may well constitute payment in advance of all or part of particular claims). The court cannot know what effect other accounting adjustments may have without knowing what they are.

For the reasons set forth above the parties are entitled to take the deposition of the arbitrator, within the limits set forth in the October 24, 1994, order. An order consistent with this opinion is being entered contemporaneously herewith.

DONE and ORDERED.

### *ORDER*

This cause comes before the court on the motion of plaintiff Elgin Sweeper Company [hereinafter Elgin Sweeper] for reconsideration of an order entered October 24, 1994. Having considered the motion, the pleadings, and the applicable law, the court is of the opinion the motion should be granted. Accordingly, consistent with the memorandum opinion being entered contemporaneously herewith, it is

ORDERED, ADJUDGED and DECREED that the motion of plaintiff Elgin Sweeper Company for reconsideration of the order entered October 24, 1994, be and it hereby is GRANTED. It is

FURTHER ORDERED that having reconsidered the October 24, 1994, order and the material submitted by Elgin Sweeper Company, the October 24, 1994, order of this court be and it hereby is AFFIRMED.

DONE and ORDERED.

---

1. Nothing in the language limited the oral report to one occasion.