200 GARRISON ASSOCIATES LIMITED PARTNERSHIP *v.* CRAWFORD CONSTRUCTION COMPANY, Inc.

CA 94-1325                                   918 S.W.2d 195

Court of Appeals of Arkansas
Division I
Opinion delivered March 20, 1996

*Gean, Gean, & Gean,* by: *Roy Gean, Jr.,* for appellant.

*Harper, Young, Smith & Maurras, PLC,* by: *Michael K. Redd,* for appellee.

JOHN MAUZY PITTMAN, Judge. Crawford Construction Company, Inc., appellee, filed a complaint in the Sebastian County Circuit Court against 200 Garrison Associates, appellant, alleging that appellant owed appellee a balance of $154,172.24 on the parties' breached construction contract. Appellant filed a counterclaim contending that appellee had breached the contract by providing substandard materials and workmanship and erroneous billings. The parties' contract contained a statutory arbitration clause. The circuit court stayed the proceedings and directed that the parties submit their dispute to arbitration with the American Arbitration Association. Appellant then filed an arbitration claim against appellee, and appellee counterclaimed. On October 25, 1993, the arbitrator denied appellant's claim, awarded appellee $154,172.24 on its coun-

terclaim and denied appellee's claim for interest and costs. On January 21, 1994, appellant filed a motion in the circuit court to modify or vacate the arbitrator's award.

After a hearing, the circuit court held that the arbitrator's award of $154,172.24 erroneously included $6,908.24 in interest and that appellant failed to demonstrate a miscalculation in the amount of damages awarded. In addition, the court awarded pre- and post-judgment interest on the reduced award of $147,264.00 ($154,172.24 - $6,903.24). The appellant appeals the circuit court's order arguing that the court erred in affirming the arbitrator's award of damages and by awarding pre- and post-judgment interest.

■ An arbitrator's award may be modified or corrected by the court if there is evident miscalculation of figures in the award. Ark. Code Ann. § 16-108-213(a)(1) (1987). An arbitrator's decision on all questions of law and fact is conclusive and should be affirmed by the court unless grounds are established to support vacating or modifying the award. McLeroy v. Waller, 21 Ark. App. 292, 731 S.W.2d 789 (1987). Judicial review of an arbitration award is more limited than appellate review of a trial court's decision; whenever possible, a court must construe an award so as to uphold its validity. Chrobak v. Edward D. Jones & Co., 46 Ark. App. 105, 878 S.W.2d 760 (1994). An award should not be vacated unless it clearly appears that it was made without authority, or was the result of fraud or mistake, or misfeasance or malfeasance. Id. Moreover, the illegality must appear on the face of the award. Id. Even a gross mistake of fact will not vitiate an award unless the mistakes are apparent on the face of the award. Ark. Dep't of Parks and Tourism v. Resort Managers, Inc., 294 Ark. 255, 743 S.W.2d 389 (1988).

■ Appellant first argues that the arbitrator's award of damages contained miscalculations. Appellant lists in dispute six items under the contract. All are factual issues, and appellant admits that the same evidence presented to the circuit court was presented to the arbitrator. Because there is no mistake evidenced on the face of the arbitrator's award of damages, the court did not err in finding that appellant had not shown a miscalculation.

■ Appellant next argues that the circuit court erred by awarding pre- and post-judgment interest because the arbitrator denied appellee's request for interest. We agree. Arkansas Code Annotated § 16-108-213(b) states that unless the award is modified,

the court "shall confirm the award as made." Thus, we reverse the circuit court's award of interest.

Appellee cross-appeals the circuit court's reduction of the award from $154,172.24 to $147,264.00, or $6,908.24, which was allegedly pre-arbitration interest. Appellee argues that the arbitrator granted its claim for $154,172.24. There is no evidence on the face of the arbitrator's award of $154,172.24 that it included $6,908.24 in interest.

■ There being no evidence that there was a miscalculation on the face of the arbitrator's award, we remand for the circuit court to enter judgment affirming the arbitrator's award of $154,172.24.

Affirmed in part; reversed in part.

COOPER and ROGERS, JJ., agree.