2011 Ark. App. 289

**BELL–CORLEY CONSTRUCTION, LLC, Appellant**

v.

**ORANGE STATE REALTY, INC., Orange State Realty, LLC, and LaSalle Bank, N.A., Appellees.**

No. CA 10–968.

Court of Appeals of Arkansas.

April 20, 2011.

Roger Hayward Fitzgibbon, Jr., Christopher L. Travis, Little Rock, for appellant.

David McRae Powell, W. Taylor Marshall, Little Rock, for appellees.

JOHN B. ROBBINS, Judge.

The only issue presented in this appeal pertains to attorney's fees. Appellant Bell–Corley Construction (BCC) argues that the Union County Circuit Court abused its discretion in denying its request for attorney's fees as the successful party in its lien-foreclosure action against appellees Orange State Realty, Inc. and Orange

State Realty, LLC (collectively "OSR").[1] We affirm.

On January 24, 2006, BCC and OSR executed a contract in which BCC agreed to construct a Walgreen's store on property owned by OSR. The contract sum to be paid by OSR to BCC upon completion of the project was $1,615,600. The construction contract required the parties to arbitrate any disputes, subject to exceptions not relevant to this case. The contract also provided that if a claim relates to or is the subject of a mechanic's lien, the party asserting such claim may proceed in accordance with applicable law to comply with the lien notice or filing deadlines prior to resolution of the claim by arbitration.

After BCC completed its construction, a dispute arose between the parties. On May 21, 2007, BCC recorded a mechanic's lien in circuit court, asserting that OSR owed $407,799.61 for materials and labor provided to OSR by BCC under the contract. Later that day, OSR filed a bond to discharge the lien.

On May 30, 2007, BCC filed a complaint against OSR in circuit court, wherein it alleged that there had been a breach of contract. BCC sought to recover unpaid amounts on the construction contract and to foreclose its lien. OSR answered the complaint on July 13, 2007, and brought a counterclaim for breach of contract and negligence. Among other things, OSR sought damages for BCC's alleged late completion of the project and faulty workmanship. Pursuant to an agreed order filed on August 22, 2007, the circuit court stayed the action pending arbitration. That order memorialized the parties'

agreement that their contract required arbitration of any dispute arising therefrom.

After a six-day arbitration hearing, the arbitrator awarded BCC $263,721, which included the undisputed retainage amount of $169,834. The arbitrator awarded OSR $123,379 on its counterclaim. Due to a clerical error, the award to BCC was subsequently corrected to $254,178. The modified arbitration award was dated October 29, 2008, and as modified, BCC obtained a net arbitration award in the amount of $130,798.

In both the original arbitration award and the modified award, the arbitrator addressed the issue of attorney's fees. The original arbitration award recites:

> BCC recovered 41% of its disputed monetary claim. It has been awarded 3% of its time claim. OSR has been awarded 56% of its counterclaim and has not been awarded specific performance. In these circumstances I cannot say either party was the prevailing party and, therefore, no award of attorney fees or costs is made.

The modified award of the arbitrator referenced a request by BCC for modification or clarification regarding attorney's fees. In denying BCC's request for modification of attorney's fees, the arbitrator wrote:

> The denial of an award of attorney fees to Claimant is confirmed. The Arbitrator's determination that BCC recovered 41% of its "disputed" monetary claim was based on the following calculation:

| $396,964.00 | - | Total Claim |
| -169,834.00 | - | Retainage (Undisputed) |
| $227,130.00 | - | "Disputed Monetary" Claim |

---

1. BCC also named LaSalle Bank, N.A., as a defendant in this action. Although the trial court never disposed of the claim against the bank, Ark. R. Civ. P. 54(b)(5) provides that any claim against a named but unserved defendant is dismissed by the circuit court's final judgment or decree. Because the bank was never served, that claim was dismissed by the final order now on appeal. *See Jackson v. Sparks Reg'l Med. Ctr.*, 375 Ark. 533, 294 S.W.3d 1 (2009).

That portion of $227,130.00 awarded Claimant per the Arbitrator Worksheet was $93,887.00. The latter sum is 41% of the "disputed" amount claimed. (I recognize that the Retainage was "disputed" in the sense that it was not paid, and that this arbitration was necessary to recover it. Retainage was never contested, however, and it was not considered in the "prevailing party" determination because, in my respectful opinion, both the equities and the overall outcome of the contested matters were pretty evenly balanced. I do not believe that the law, logic or common sense require me to award an attorney fee solely because one party recovers more money than the other party in the Claim/Counterclaim context. I regret any confusion caused by the lack of clarity in the determination.) It should also be noted that inclusion of Retainage in the calculation would not have affected the decision to deny an award of attorney fees. My decision denying attorney fees was the result of a conclusion that Claimant's actions and failures were to blame for many of the problems besetting this Project.

On April 27, 2009, BCC petitioned the circuit court to confirm the arbitration award, to foreclose its lien, and to award attorney's fees pursuant to Ark.Code Ann. § 18–44–128 (Repl.2003), which provides:

> When any contractor, subcontractor, or material supplier who has filed a lien, as provided for in this chapter, gives notice thereof to the debtor or owner of property which has been subjected to the lien in writing sent by registered or certified mail, and the claim has not been paid within twenty (20) days from the date of the mailing, and if the contractor, subcontractor, or material supplier is required to sue for the enforce-

ment of his or her claim, the court shall allow the successful party in the action a reasonable attorney's fee in addition to other relief to which he or she may be entitled.

BCC requested $85,834.50 in attorney's fees as the prevailing party in the action.

The circuit court held two hearings on BCC's petition. After the first hearing, the circuit court issued an order on August 4, 2009, confirming the arbitrator's award subject to a remand to the arbitrator on a postarbitration counterclaim by OSR.[2] The August 4, 2009, order reserved the issue of attorney's fees. After the second hearing, the circuit court entered an order on February 19, 2010, confirming the arbitration award but denying BCC's request for attorney's fees on the basis that "[t]he arbitrator addressed this issue and it will not be revisited."

BCC now appeals from the circuit court's February 19, 2010, order, arguing that the circuit court abused its discretion by failing to award attorney's fees to BCC as the successful party in its lien-foreclosure action. Subsequent to an amendment that did not materially change the statute for purposes of this case, Ark.Code Ann. § 18–44–128 (Supp.2009) now provides:

> (a) When any contractor, subcontractor, laborer, or material supplier who has filed a lien, as provided for in this chapter, gives notice thereof to the owner of property by any method permitted under § 18–44–115(f)(3) and the claim has not been paid within twenty (20) days from the date of service of the notice, and if the contractor, subcontractor, laborer, or material supplier is required to sue for the enforcement of his or her claim, the court shall allow the

---

**2.** OSR's postarbitration counterclaim was later dismissed with prejudice by the circuit court on OSR's motion.

successful contractor, subcontractor, laborer, or material supplier a reasonable attorney's fee in addition to other relief to which he or she may be entitled.

(b) If the owner is the prevailing party in the action, the court shall allow the owner a reasonable attorney's fee in addition to any other relief to which the owner may be entitled.

BCC argues that under subsection (a) of the statute, an award of a reasonable attorney's fee was mandatory because BCC was required to sue for the enforcement of its claim and BCC was successful.

While BCC acknowledges that it requested attorney's fees from the arbitrator, it maintains that the arbitrator only had discretion to award such fees in connection with the parties' contract arbitration. BCC asserts that its subsequent request to the circuit court for attorney's fees under Ark.Code Ann. § 18–44–128 was not before the arbitrator, and that the arbitrator lacked authority to award attorney's fees under that statute. BCC relies on *RMP Rentals v. Metroplex, Inc.*, 356 Ark. 76, 146 S.W.3d 861 (2004), where the supreme court said that only an Arkansas court has the subject-matter jurisdiction to enforce the liens and to order foreclosure on real property located within its borders. BCC submits that its action to foreclose its lien fell exclusively within the authority of the circuit court, and that because BCC succeeded in foreclosing its lien, the lien statute required the circuit court to award attorney's fees.

In deciding the issue in this appeal, we begin with Arkansas Code Annotated section 16–18–201 (Repl.2006), which provides:

(a) A written agreement to submit any existing controversy to arbitration arising between the parties bound by the terms of the writing is valid, enforceable, and irrevocable, save upon such grounds as exist for the revocation of any contract.

(b)(1) A written provision to submit to arbitration any controversy thereafter arising between the parties bound by the terms of the writing is valid, enforceable, and irrevocable, save upon such grounds as exist for the revocation of any contract.

(2) This subsection shall have no application to personal injury or tort matters, employer-employee disputes, nor to any insured or beneficiary under any insurance policy or annuity contract.

In the present case, the parties agreed that any claim arising out of or related to the contract, which would include the issue of attorney's fees, was subject to arbitration.

As a matter of public policy, arbitration is strongly favored. *Hart v. McChristian*, 344 Ark. 656, 42 S.W.3d 552 (2001). Arbitration is looked upon with approval by courts as a less expensive and more expeditious means of settling litigation and relieving docket congestion. *Id.* Any doubts and ambiguities of coverage will be resolved in favor of arbitration. *Id.*

In *Arkansas Dep't of Parks and Tourism v. Resort Managers, Inc.*, 294 Ark. 255, 743 S.W.2d 389 (1988), the supreme court indicated that judicial review of an arbitrator's award is more limited than appellate review of a trial court's decision, and that mistakes of fact or law are not a basis to set aside an award. The supreme court quoted from *Coleman v. Local No. 570*, 181 Kan. 969, 317 P.2d 831 (1957):

Thus, the fact that the arbitrator made erroneous rulings during the hearing, or reached erroneous findings of fact from the evidence, is no ground for setting aside the award, because the parties have agreed that he should be the judge

of the facts. Even his erroneous view of the law would be binding, for the parties have agreed to accept his view of the law. Were it otherwise in either of these cases, arbitration would fail of its chief purpose; instead of being a substitute for litigation, it would merely be the beginning of litigation. Error of law renders the award void only when it would require the parties to commit a crime or otherwise to violate a positive mandate of the law.

*Id.* at 261, 743 S.W.2d at 392. Arkansas Code Annotated section 16–108–211 (Repl. 2006) confers authority on the circuit court to confirm an arbitration award, and, whenever possible, a court must construe an award so as to uphold its validity. *Chrobak v. Edward D. Jones & Co.*, 46 Ark.App. 105, 878 S.W.2d 760 (1994).

█ In the case at bar it is undisputed that BCC and OSR contractually agreed to arbitrate their disputes. After a six-day arbitration hearing, the arbitrator awarded substantial amounts on both BCC's complaint and OSR's counterclaim, resulting in a net arbitration award to BCC for $130,798. The issue of attorney's fees was squarely put before the arbitrator and decided. In BCC's post-arbitration brief, BCC requested $85,834.50 "as attorney's fees provided by Arkansas law and the contract." The arbitrator visited the issue twice, both times concluding that under the circumstances neither party was the prevailing party, and thus that no attorney's fees would be awarded.

█ |₈Notwithstanding the denial of attorney's fees by the arbitrator, BCC petitioned the circuit court for $85,834.50, again claiming to be the prevailing party, and asserting entitlement to such attorney's fees under Ark.Code Ann. § 18–44–128. The circuit court denied the fee request stating that the arbitrator had addressed the issue and it would not be revisited, and we hold that this ruling did not constitute error. BCC had a full and fair opportunity in the arbitration proceedings to litigate the issue of attorney's fees, and the fact that BCC submitted its disputes to arbitration implied an agreement to be bound by the arbitrator's decision. *See Ruth R. Remmel Revocable Trust v. Regions Fin. Corp.*, 369 Ark. 392, 255 S.W.3d 453 (2007). Except in certain limited situations, a valid and final award by an arbitrator has the same effect under the rules of res judicata as the judgment of a court. *Id.*

While BCC posits that the arbitrator lacked the authority to award attorney's fees under Ark.Code Ann. § 18–44–128, it does not support that claim with authority or convincing argument. Moreover, it is clear that the attorney's fees incurred by BCC were primarily related to the arbitration of the complaint and counterclaim as opposed to any particular effort associated with obtaining the lien. Furthermore, the lien was never foreclosed. The arbitrator denied BCC's request for attorney's fees, and we reject BCC's argument that the circuit court abused its discretion in confirming that decision.

Affirmed.

PITTMAN and GLOVER, JJ., agree.