James ROCHE, Plaintiff,

v.

LOCAL 32B–32J SERVICE EMPLOY-
EES INTERNATIONAL UNION, Gus
Bevona, as President of Local 32B–32J
Service Employees International Un-
ion, Trump Management, Inc., Park
Briar Owners, Inc. and Richter Proper-
ties, Inc., Defendants.

No. 90 Civ. 5081 (PKL).

United States District Court,
S.D. New York.

Jan. 31, 1991.

Ira Kazlow, Forest Hills, N.Y., for plain-
tiff.

Kreisberg & Maitland, P.C., New York
City (Jeffrey L. Kreisberg, of counsel), for
defendants Park Briar Owners, Inc. and
Richter Properties, Inc.

Manning, Raab, Dealy & Sturm, New
York City (John J. Leo, of counsel), for
defendants Local 32B–32J Service Employ-
ees Internl. Union and Gus Bevona, as
President of Local 32B–32J Service Em-
ployees Internl. Union.

ORDER AND OPINION

LEISURE, District Judge:

This is an action brought pursuant to
§ 301 of the Labor Management Relations
Act, codified at 29 U.S.C. § 185, for breach
of a collective bargaining agreement, and
for failure of defendants Local 32B–32J
Service Employees International Union (the
"Union") and Gus Bevona to represent
plaintiff fairly and lawfully. On May 2,
1990, arbitrator Howard C. Edelman (the
"Arbitrator") issued an award and opinion
(the "Award") finding that plaintiff had
been discharged with just and sufficient
cause, and granting in part and denying in
part certain ancillary claims of plaintiff.
Plaintiff has now moved to vacate the
Award, pursuant to § 10(c) of the Federal
Arbitration Act, 9 U.S.C. § 10(c). For the
reasons set forth below, plaintiff's motion
to vacate is denied.

## Background

Plaintiff was employed as the superintendent of a building owned by defendant Park Briar, Inc. ("Park Briar"), beginning on or about April 25, 1987. Affidavit of James Roche, sworn to on August 1, 1990 ("Roche Aff."), ¶ 3; Affidavit of Michael Richter, sworn to on September 28, 1990 ("Richter Aff."), ¶ 2. On or about June 24, 1989, plaintiff was discharged from his position as superintendent by the Park Briar board of directors, Roche Aff. ¶ 2; Richter Aff. ¶ 2, allegedly because "his performance was unsatisfactory on numerous occasions, he was belligerent when interacting with tenants and members of the Board of Directors and because he appeared at a Board meeting in an unfit condition to respond to questions concerning his performance. In addition, [he allegedly] regularly took off Saturday and Sunday even though his work week was Sunday through Thursday." Richter Aff., Exh. A at 2. At the time of plaintiff's discharge, the managing agent of the building was defendant Trump Management, Inc. ("Trump"); shortly thereafter, defendant Richter Properties, Inc. ("Richter Properties") became the building's managing agent. Richter Aff. ¶ 2.

Plaintiff appealed his discharge pursuant to the grievance provision of the collective bargaining agreement between the Union and Park Briar, and the dispute was submitted to arbitration before the Office of the Contract Arbitrator. Plaintiff also alleged as issues for arbitration that he had been underpaid, that he had worked unpaid overtime and holidays, that he was not paid for unused sick days, and that his car had been damaged in Park Briar's garage. The total amount plaintiff claimed was approximately $22,000. Roche Aff. ¶¶ 4, 6. The first hearing was originally scheduled for August 21, 1989, but was adjourned to September 8, 1989, at the request of Park Briar due to the change in managing agent from Trump to Richter Properties. Richter Aff. ¶ 4. On September 8, 1989, the hearing was adjourned to October 25, 1989, by the Union at plaintiff's request, Amended Affidavit of John J. Leo, sworn to on August 13, 1990 ("Leo Aff."), ¶ 4, and over the objection of Park Briar. Richter Aff. ¶ 5. On October 25, 1989, the hearing commenced. Plaintiff appeared without the necessary documents that supported his overtime claim, and plaintiff's then-counsel, Brendan Egan, Esq., of Manning, Raab, Dealy & Sturm, informed plaintiff that these documents were crucial and should be brought to the next hearing, scheduled for November 29, 1989. Leo Aff. ¶ 4.

On November 29, 1989, Park Briar appeared, prepared to continue with the hearing. Plaintiff again failed to bring all the documents that he claimed supported his overtime claim. Leo Aff. ¶ 5. The hearing was adjourned, at plaintiff's request and over the objection of Park Briar, to January 2, 1990. Richter Aff. ¶ 7. On January 2, 1990, Park Briar appeared, again prepared to proceed with the hearing, and plaintiff again failed to bring the overtime documents. Leo Aff. ¶ 5. Again, however, the hearing was adjourned at plaintiff's request and over the objection of Park Briar, in this instance until February 27, 1990. Richter Aff. ¶ 8. On February 27, 1990, the hearing finally proceeded to its conclusion. At the end of the presentation of evidence, plaintiff again requested an adjournment of the hearing, allegedly for the purpose of presenting additional evidence relating to his claims, because plaintiff had again failed to bring all of the documents that he said supported his claims. Park Briar strenuously objected, and the Arbitrator denied the request for yet another adjournment of the hearing. However, the Arbitrator did grant plaintiff the right to submit any further documents or materials in support of his claims, setting March 14, 1990, as the deadline to do so. Richter Aff. ¶¶ 9, 10; Leo Aff. ¶ 5. Plaintiff did not serve these documents on Park Briar until March 16, 1990. Richter Aff. ¶ 11. Over Park Briar's written objection, however, *see* Richter Aff., Exh. H, the Arbitrator nevertheless considered plaintiff's untimely-served documents, Richter Aff. ¶¶ 13, 16; Leo Aff. ¶ 5, as is apparent from references in the Award to these documents.

The Arbitrator issued the Award on May 2, 1990, finding that Park Briar had just and sufficient cause to discharge plaintiff, that no basis existed for any payments arising from any damage to plaintiff's car, and that plaintiff would receive five weeks severance pay and eighteen hours overtime pay. Plaintiff subsequently asked that the hearing be reopened, and the Arbitrator denied that request. Richter Aff. ¶ 14. Plaintiff then commenced this action, and shortly thereafter moved to vacate the Award.

## Discussion

Section 10(c) of the Federal Arbitration Act, pursuant to which plaintiff now moves to vacate the Award, provides as follows:

In either of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—

(c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

9 U.S.C. § 10(c). Plaintiff claims that the Arbitrator's refusal to grant his request for an adjournment of the February 27, 1990 hearing to permit plaintiff to testify regarding the documents that he eventually served on March 16, 1990, constituted misconduct within the scope of § 10(c).

 It is well settled that a district court's review of an arbitration award is severely limited. *See Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir.1987); *Americas Insurance Co. v. Seagull Compania Naviera, S.A.*, 774 F.2d 64, 67 (2d Cir.1985) (scope of review of arbitration award is "very narrowly limited"); *Sperry International Trade, Inc. v. Government of Israel*, 689 F.2d 301, 304 (2d Cir.1982); *Atlas Assurance Company of America v. American Centennial Insurance Co.*, 1991 WL 4741, 1991 U.S.Dist. 532 (S.D.N.Y. Jan. 16, 1991); *Jardine Matheson & Co. v.*

*Saita Shipping, Ltd.*, 712 F.Supp. 423, 426 (S.D.N.Y.1989); *Concourse Beauty School, Inc. v. Polakov*, 685 F.Supp. 1311, 1315 (S.D.N.Y.1988); *Zephyros Maritime Agencies, Inc. v. Mexicana De Cobre, S.A.*, 662 F.Supp. 892, 894 (S.D.N.Y.1987) (district court review of arbitration award is "severely limited"); *Transit Casualty Co. v. Trenwick Reinsurance Co., Ltd.*, 659 F.Supp. 1346, 1350 (S.D.N.Y.1987) (standard of review of arbitration award is "extremely narrow"), *aff'd without op.*, 841 F.2d 1117 (2d Cir.1988). In order to vacate an arbitration award on the ground of arbitrator misconduct, as provided by § 10(c), "[t]he misconduct must amount to a denial of fundamental fairness of the arbitration proceeding...." *Transit Casualty, supra*, 659 F.Supp. at 1354; *see also Concourse Beauty School, supra*, 685 F.Supp. at 1318; *Konkar Maritime Enterprises, S.A. v. Compagnie Belge D'Affretement*, 668 F.Supp. 267, 271–72 (S.D.N.Y.1987); *Reichman v. Creative Real Estate Consultants, Inc.*, 476 F.Supp. 1276, 1285 (S.D.N.Y.1979) ("the touchstone in considering claims of arbitrator misconduct is 'fairness'"). "In handling evidence an arbitrator need not follow all the niceties observed by the federal courts. He need only grant the parties a fundamentally fair hearing." *Bell Aerospace Company Division of Textron, Inc. v. Local 516*, 500 F.2d 921, 923 (2d Cir.1974). The party moving to vacate an arbitration award bears the burden of proof. *See Andros Compania Maritima, S.A. v. Marc Rich & Co., A.G.*, 579 F.2d 691, 700 (2d Cir.1978); *Concourse Beauty School, supra*, 685 F.Supp. at 1315.

 In the instant case, plaintiff received a "fundamentally fair hearing." *See Bell Aerospace, supra*, 500 F.2d at 923. First, as noted above, it is plainly evident from the Award itself that in making his decision the Arbitrator considered the post-hearing documents submitted by plaintiff. The Award explicitly refers to the "numerous payroll records" submitted by plaintiff in support of his claims, Richter Aff., Exh. A at 2, and reflects a close review of those records in finding plaintiff's claims for overtime work unsubstanti-

ated, with the exception of eighteen hours of such work. Richter Aff., Exh. A at 3. Moreover, defendant Richter Properties has provided a sworn affidavit of its president, Michael Richter, stating that the Arbitrator told Park Briar's counsel that he would consider the post-hearing documents. Richter Aff. ¶ 13. Plaintiff has provided no persuasive evidence to the contrary.

■ Second, the Arbitrator's refusal to adjourn the hearing a fourth time at plaintiff's request, in no way constituted arbitrator misconduct. On the contrary, the Arbitrator's prior willingness repeatedly to adjourn the hearing gave plaintiff more than an adequate opportunity to present his evidence, in both documentary and testimonial form. Plaintiff's own repeated failure to bring to the hearings the documents purporting to support his claim, cannot be permitted to serve as the basis for requiring the Arbitrator to grant an endless series of adjournments. Because the expeditious resolution of disputes is a principal purpose for the use of arbitration, "[t]he granting or denying of an adjournment falls within the broad discretion of appointed arbitrators.... '[A]ssuming there exists a reasonable basis for the arbitrators' considered decision not to grant a postponement, the Court will be reluctant to interfere with the award on these grounds.'" *Storey v. Searle Blatt Ltd.,* 685 F.Supp. 80, 82 (S.D.N.Y.1988) (quoting *Fairchild & Co., Inc. v. Richmond, Fredericksburg and Potomac Railroad Co.,* 516 F.Supp. 1305, 1313 (D.D.C.1981)); *see also Concourse Beauty School, supra,* 685 F.Supp. at 1318 (refusal to adjourn hearing must amount to a denial of fundamental fairness to warrant vacatur of an arbitration award); *Dan River, Inc. v. Cal–Togs, Inc.,* 451 F.Supp. 497, 503 (S.D.N.Y.1978).

Here, where the Arbitrator permitted several prior adjournments at plaintiff's request, plaintiff repeatedly failed to appear at the scheduled hearings prepared to proceed, and the Arbitrator considered plaintiff's untimely post-hearing submissions, the Court cannot find that plaintiff has met his burden of proving that he was denied a

fair hearing or that the Arbitrator's refusal to grant his request for a fourth adjournment was an abuse of the Arbitrator's broad discretion. *See, e.g., Storey, supra,* 685 F.Supp. at 82 (refusal to grant third adjournment at respondent's request was not misconduct warranting vacatur of arbitration award); *Dan River, supra,* 451 F.Supp. at 503 (refusal to grant adjournment of arbitration hearing due to unavailability of party's chief witness did not warrant vacatur of award, where witness had notice of hearing and nevertheless made other commitments). Accordingly, plaintiff's motion to vacate the Award is denied.

### Conclusion

Plaintiff's motion to vacate the Award, pursuant to 9 U.S.C. § 10(c), is denied. Plaintiff shall serve and file his papers in opposition to the pending motion to dismiss no later than February 25, 1991. Reply papers, if any, shall be served and filed no later than March 11, 1991.

SO ORDERED.