Peter KRUSE, Petitioner,

v.

SANDS BROTHERS & CO., LTD. and Peter Pak, Respondents.

No. 02 CV 5912(WK).

United States District Court, S.D. New York.

Oct. 3, 2002.

Adam C. Silverstein, Golenbock, Eiseman, Assor, Bell & Peskoe, New York City, for Peter Kruse, Petitioner.

Richard A. Roth, Littman, Krooks, Roth & Ball, PC, New York City, for Sands Brother & Co., Ltd., Peter Pak, Respondents.

## OPINION & ORDER

WHITMAN KNAPP, Senior District Judge.

### INTRODUCTION

On July 25, 2002, Petitioner Peter Kruse ("Petitioner" or "Kruse") moved, pursuant to Section 9 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 9, for an order confirming a securities industry award (the "Award") issued on June 18, 2002. The Award was entered by three arbitrators of the National Association of Securities Dealers ("NASD") and directed Respondents, Sands Brothers & Co. ("Sands") and Peter Pak ("Pak") jointly and severally, to pay Kruse the amount of $300,960.08. The NASD requires that "all monetary awards shall be paid within thirty (30) days of receipt unless a motion to vacate has been filed with a court of competent jurisdiction." *NASD Manual Rule 10330.* Neither Respondent has paid Kruse any of the sum awarded him. Kruse filed his petition to confirm the Award on July 25, 2002. On August 9, 2002, Respondents filed an Answer to Kruse's Petition to Confirm and a Counter–Petition to Vacate.

## JUDICIAL REVIEW OF ARBITRAL AWARDS

### Confirmation of Awards

Under the Federal Arbitration Act, a party wishing to confirm an arbitration award may apply to the court for a confirmation order any time within one year "and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. " 'The confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court.' " *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir.1997) *cert. denied* 522 U.S. 1111, 118 S.Ct. 1042, 140 L.Ed.2d 107 (1998). Hence, "the showing required to avoid summary confirmation is high." *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir.1987). "Absent a statutory basis for modification or vacatur, the district court's task ... [is] to confirm the arbitrator's final award as mandated by section 9 of the Act." *Id.*

### Vacatur of Awards

The grounds upon which a court may vacate an arbitration award are narrowly proscribed. The Federal Arbitration Act provides that a court may make an order vacating an award upon the application of any party to the arbitration in one of four circumstances. *See* 9 U.S.C. § 10(a). This section "severely restricts the power of a court to vacate an award to cases involving fraud in procurement of the award, misconduct, or arbitrators clearly exceeding their powers." *Florasynth*, 750 F.2d at 175.

A party seeking vacatur must proceed by motion to the court. 9 U.S.C. § 6. *See U.S. Ship Management, Inc. v. Maersk Line, Limited*, 188 F.Supp.2d 358, 363 (S.D.N.Y.2002). The Federal Arbitration

Act provides that "[a]ny application to the court ... shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided." *Id.* Rule 81(a)(3) of the Federal Rules of Civil Procedure states, in part: "In proceedings under Title 9, U.S.C., relating to arbitration ... [the Federal Rules of Civil Procedure] apply only to the extent that matters of procedure are not provided for in those statutes." FED.R.CIV.P. 81(a)(3). Thus, the language of Section 6 preempts the Federal Rules. The policy behind this section "is to expedite judicial treatment of matters pertaining to arbitration." *World Brilliance Corp. v. Bethlehem Steel Co.*, 342 F.2d 362, 365–66 (2d Cir.1965), citing S.Rep. No. 536, 68th Cong., 1st Sess. (1924); H.R.Rep. No. 96, 68th Cong., 1st Sess. (1924). To this end, "the statutes and rules do not permit a party to initiate a challenge to an arbitration award by filing a complaint or an Application [to Vacate Arbitration Award]." *O.R. Securities, Inc. v. Professional Planning Associates, Inc.*, 857 F.2d 742, 745 (11th Cir.1988) (quoting *Interior Finish Contractors Association of Delaware Valley v. Drywall Finishers Local Union No.1955*, 625 F.Supp. 1233, 1240 (E.D.Pa.1985)) (internal quotations omitted). A request for vacatur must be made in the form of a motion.

The availability of vacatur is further limited by the Federal Arbitration Act. Section 12 provides that "Notice of a motion to vacate ... an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. The Second Circuit has made clear that there is no exception to this three month limitation period: "a party may not raise a motion to vacate, modify, or correct an arbitration award after the three month period has run, even when raised as a defense to a motion to confirm." *Florasynth*, 750 F.2d at 175. "Although it is

important to the fair administration of arbitration that a party have the means to vacate an unjustly procured award, there is also good reason for the Act's three month limitation on this right." *Id.* at 176. The review of arbitration awards is "very limited ... in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Folkways Music Publishers, Inc. v. Weiss*, 989 F.2d 108, 111 (2d Cir.1993).

### Standard of Review

The scope of review of arbitral awards is "very limited ... in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Folkways Music Publishers, Inc. v. Weiss*, 989 F.2d 108, 111 (2d Cir.1993). Under the FAA, "the validity of an award is subject to attack only on those grounds listed in § 10, and the policy of the FAA requires that an award be enforced unless one of those grounds is *affirmatively* shown to exist." *Wall Street Assocs. L.P. v. Becker Paribas Inc.*, 27 F.3d 845, 849 (2d Cir.1994) (emphasis added).

### APPLICATION

### Respondent's Counter–Petition to Vacate

◼ In the instant case, Respondents made an application to vacate the Award. This application was entitled "Counter–Petition to Vacate." The petition is nine short paragraphs in length. Those paragraphs relevant to the petition's substance contain only conclusory statements and is, on the whole devoid of any argument or legal or factual support. The document submitted to this Court was not a motion, but rather a complaint disguised as a "Counter–Petition to Vacate." However, a party cannot initiate a challenge to an

arbitration award by filing a complaint or an application. *See O.R. Securities,* 857 F.2d at 745; 9 U.S.C. § 10.

A Motion to Vacate an Arbitration Award is required in order to preserve the proper function of arbitration. "In order to promote speedier, less costly dispute resolution and encourage arbitration, the FAA and Federal Rules of Civil Procedure do not contemplate full-blown litigation for the purposes of contesting an arbitration award with which a party may disagree." *U.S. Ship Management, Inc. v. Maersk Line, Limited,* 188 F.Supp.2d 358, 362 (S.D.N.Y.2002). Most importantly, the "nature of the proceeding affects the burdens of the various parties as well as the rule of decision to be applied by the district court." *O.R. Securities,* 857 F.2d at 745. If we allow Respondents' "Counter-Petition" to go forward, the burden of dismissing the complaint would be on Petitioner—the party not only defending the arbitration award but also seeking its confirmation. The burden would be on Petitioner to show that Respondents could not prove any facts that would entitle them to relief from the Award. *See Id.* This is contrary to the FAA and basic principles of fairness. *See Roche v. Local 32B–32J Service Employees Intern. Union,* 755 F.Supp. 622 (S.D.N.Y.1991) (Party moving to vacate arbitration award bears burden of proof). This burden placed on the party seeking vacatur is extraordinarily high, given the strong federal policy in favor of enforcing arbitral awards. Moreover, to allow an action for vacatur to proceed from the Respondents' complaint would almost surely result in protracted litigation: "[i]f the defending party did not prevail on its

motion to dismiss, the proceeding to vacate the arbitration award would develop into full scale litigation, with the attendant discovery, motions, and perhaps trial." *Id.*

■ Once we determine that Respondents' Cross–Petition to Vacate is not the legal equivalent of a Motion to Vacate, we must consider whether or not Respondents can still file a Motion to Vacate. The Award was issued on June 18, 2002. "Notice of a motion to vacate … an award must be served upon the adverse party or is attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. Respondents' were required to file a Motion to Vacate, if they so desired, by September 18, 2002. Having failed to do so, they have lost the opportunity to make such a Motion. We now turn our attention to Petitioner's Application for an Order to Confirm the Award and Respondents' Answer and Affirmative Defenses to that Motion.

### *Petitioner's Application for an Order to Confirm*

■ When presented with a motion to confirm, we *"must* grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9.[1] Since there has been no motion to vacate and because the statute of limitations as prescribed by 9 U.S.C. 10 has now run, we must confirm the Award in Petitioner's favor and against Respondent. Respondents have made a series of objections and affirmative defenses in their Answer to Petitioner's Application; however these objections and affirmative defenses have not been presented

---

1. Modification and correction are available in three cases, none of which are presented here: "where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award; where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted; where the award is imperfect in matter of form not affecting the merits of the controversy." 9 U.S.C. 11(a)–(c).

in a motion to vacate, nor have they been substantiated with evidence. It is plain from the face of Respondent's "Counter–Petition" that they cannot make out a claim for vacatur of the Award. As discussed *supra*, the Court is severely limited in its ability to review an arbitration award for vacatur. In fact, we "may vacate only for conduct that has prejudiced the rights of the parties." *Florasynth*, 750 F.2d at 176. This is because "the purpose of the motion to vacate is to prevent an award from being enforced when some injustice in the proceedings taints its validity." *Id.*

Respondents allege that the Arbitration Panel "manifestly disregarded the evidence presented during the hearing, and went beyond its authority by ordering and relying upon legal issues that were never in the case." (Resp. Counter–Pet. to Vacate ¶ 9). The only possible claim under 9 U.S.C. § 10 that this allegation could be construed to make out is that the arbitrators exceeded their authority. Case law dealing with arbitrator misconduct in the consideration of evidence has focused exclusively on the arbitrators' *refusal* to hear evidence, not their affirmative consideration of evidence. *See, e.g., Gulf Coast Indus. Workers Union v. Exxon Co.*, 70 F.3d 847 (5th Cir.1995) (award may be vacated where arbitrator is guilty of misconduct in refusing to hear evidence). However, even a refusal to hear evidence does not necessarily require vacatur. *See Hoteles Condado Beach, La Concha and Convention Center v. Union De Tronquistas Local 901*, 763 F.2d 34 (1st Cir.1985) (arbitration award must not be set aside for arbitrator's refusal to hear evidence that is cumulative or irrelevant; vacatur is appropriate only when exclusion of relevant evidence so affects rights of party that it may be said that he was deprived of fair hearing). *Accord Fine v. Bear, Stearns & Co., Inc.*, 765 F.Supp. 824 (S.D.N.Y.1991) (Arbitrator's alleged refusal to hear evidence pertinent and material

to arbitrage account controversy did not amount to misconduct where the arbitration hearing gave the parties a fundamentally fair hearing).

These results can be explained by the great deference given to arbitrator's decision to control order, procedure and presentation of evidence by federal courts. *See Nitram, Inc. v. Industrial Risk Insurers*, 848 F.Supp. 162 (M.D.Fla.1994), *affirmed* 141 F.3d 1434. The NASD rules provide that "the arbitrators shall determine the materiality and relevance of any evidence proffered and shall not be bound by rules governing the admissibility of evidence." *NASD Manual Rule 10323.*

Here, Respondents' only claim is that the issue upon which the arbitrators asked the parties to submit five-page briefs was not initially in issue. They do not argue that the hearing was fundamentally unfair, nor do they suggest that their right to be heard was violated. Such a claim is not enough to cause us to refuse Petitioner's request that we issue an order to confirm the Award. *Cobec Brazilian Trading and Warehousing Corp. of U.S. v. Isbrandtsen*, 524 F.Supp. 7 (S.D.N.Y.1980) (arbitration award would not be vacated on theory that there had been a neglectful disregard of evidence by arbitrators, in light of fact that party's right to be heard had not been grossly and totally blocked). Accordingly, we CONFIRM Kruse's award against Sands and Pak, jointly and severally.

Kruse has also petitioned the Court to order Sands and Pak to pay post-award interest. The NASD provides that "an award shall bear interest from the date of the award (1) if not paid within thirty (30) days of receipt." NASD Manual Rule 10330(h)(1). The arbitration award is silent on the matter of post-award interest, so we will apply the legal rate prevailing in New York, the state where the award was rendered. NASD Manual Rule

10330(h)(3). This rate is 9%. N.Y. CPLR § 5004.

## CONCLUSION

Kruse's Petition to Confirm Arbitration Award is GRANTED in favor of Kruse and against Sands and Pak, jointly and severally. Kruse is awarded the amount of the Award, $300,960.08, against Sands and Pak, jointly and severally, and post-award interest at the rate of 9% from July 18, 2002 until payment.

**SO ORDERED.**