**ROBERT W. BAIRD & CO. INC., Plaintiff,**

v.

**SUNAMERICA SECURITIES, INC., et al, Defendants.**

**No. 304CV1304JPPMCR.**

United States District Court, M.D. Florida, Jacksonville Division.

Sept. 30, 2005.

---

Christopher Barber of Gardner Carton & Douglas, Chicago, IL, for Plaintiff.

William W. Deem of McGuire Woods, Jacksonville, FL, for Defendant SunAmerica Securities.

Audrey Moran of Moran Mediation & Litigation Group in Jacksonville, FL, for defendants Glenn Ullmann, Aric Berquist, and Deanna Calabrisotto.

## *ORDER*

ADAMS, District Judge.

**THIS CAUSE** is before the Court on SunAmerica's Motion to Confirm Arbitration Award (Dkt. 13), Ullman, Berquist and Calabrisotto's Motion to Confirm Arbitration Award (Dkt. 4), Plaintiff's Motion to Vacate Arbitration Award (Dkt. 1), SunAmerica's Motion to Strike Exhibit 5 (Dkt. 11), and Ullman, Berquist and Calabrisotto's Motion to Strike (Dkt. 6). Because the Court does not rely on the transcript that is the subject of the motions to strike in rendering this decision, both motions to strike are moot.

For the reasons outlined below, the Court finds that the Motion to Vacate is due to be denied, and that the Motion to Confirm is due to be granted.

### History

Defendants Glenn Ullmann, Aric Berquist and Deanna Calabrisotto (collectively, Individual Defendants) worked for Plaintiff Baird, a securities broker/dealer, in Jacksonville, Florida. Defendant SunAmerica is also a securities broker/dealer.

While employed by Plaintiff Baird, Ullman served as a branch manager; Calabrisotto and Berquist were junior financial advisors. All three resigned from Plaintiff's employ in October of 2002 and went to work for SunAmerica.

Plaintiff asserted a ten count National Association of Securities Dealers (NASD)

arbitration complaint against the Defendants in November of 2002 which included a claim for attorneys fees; various pleadings filed by Defendants included requests for "such other and further relief as might be appropriate" as well as actual attorneys fees. After the arbitration hearing concluded, the panel had the parties submit post-hearing briefs regarding its ability to award attorneys fees. No responses were allowed.

Plaintiff argued to the arbitrators that the parties had agreed that the panel could award attorney's fees and determine the amount of fees. Plaintiff also argued that NASD arbitration panels had the right to award attorney's fees under a common law "bad faith exception" to the ordinary rule requiring the parties to bear their own fees. Defendants, however, argued in post hearing briefing that the panel lacked jurisdiction to award a specific amount of fees. Arguably, Defendants also maintained that the panel did not have the ability to specifically determine entitlement to fees but rather had only the authority to ascertain which party prevailed on which claims as a precursor to a court awarding fees. The Individual Defendants did argue that they would ultimately be entitled to fees based on Florida's reciprocal attorneys fees statute, Florida Statutes 57.105, as well as the bad faith litigation exception.

In November of 2004, the arbitration panel issued its award which denied both sides' claims but found that the Defendants were the prevailing parties and directed Plaintiff to pay all arbitration costs and all Defendants' attorneys fees "in an amount to be determined by a court of competent jurisdiction." Importantly, the award specifically stated that Plaintiff, the Individual Defendants and SunAmerica requested attorneys fees. The award stated that the Plaintiff was liable for "attorneys' fees for *breach of contract* and pursuant to *Section 448.08*,[1] Florida Statutes." (Emphasis added).

In the Case before this Court, Plaintiff has filed a motion to vacate or modify the panel's attorneys fee award, arguing the panel lacked subject matter jurisdiction. Plaintiff notes that there was no claim made by Defendants pursuant to Section 448.08 and also notes that it could not be found liable for breach of contract because the Individual Defendants' Counterclaim did not state a breach of contract action. In addition, Defendant SunAmerica filed no Counterclaim. Plaintiff also contends that the arbitrators lacked authority to award attorneys fees because absent agreement to the contrary, Florida's Arbitration Code reserves that function for the courts. § 682.11, Fla. Stat. (2002).

Defendants have filed motion to confirm the award and also seek a determination of fees.

**Standard**

Under the Federal Arbitration Act (FAA), judicial review of arbitration awards is limited. *Brown v. ITT Consumer Financial Corp.*, 211 F.3d 1217, 1223 (11th Cir.2000); *United Paperworkers International Union v. Misco, Inc.*, 484 U.S. 29, 38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987)(courts do not "hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts"). Rather, courts "vacate an

---

**1.** A Court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee.

Florida Statutes § 448.08

award only for the reasons set forth in Section 10 of the Arbitration Act." *Liberty Securities Corporation v. Fetcho,* 114 F.Supp.2d 1319, 1321 (S.D.Fla.2000)(denying motion to vacate and confirming NASD arbitration award). The grounds for vacating or modification are listed in Sections 10 and 11 of the FAA:

1. That the award was procured by corruption, fraud or undue means;

2. That there was evident partiality or corruption on the part of the arbitrators;

3. That the arbitrators engaged in misconduct such as refusing to postpone the hearing, or refusing to hear pertinent evidence; or

4. That the arbitrators exceeded their powers.

9 U.S.C. § 10(a).

Similarly, a court may modify an arbitration award only if it finds:

1. An evident miscalculation of figures or an evident material mistake in describing persons, things or property;

2. That the arbitrators awarded upon a matter not submitted to the panel; or

3. That the award is imperfect in matter of form not affecting the merits of the controversy.

9. U.S.C. § 11.

Plaintiff's argument for vacating or modifying the award relies primarily on the Florida Arbitration Code, Florida Statutes Section 682.11 (relating to arbitrators' authority), Section 682.13(c) (relating to vacating an award), and Section 682.14(b) (relating to modification of an award). Florida Statutes Section 682.11 has been construed to limit arbitrators' ability to award attorney fees absent the parties' agreement.[2] The FAA contains no limitation on an arbitrator's ability to award attorneys' fees.

### Analysis

■ Securities industry disputes involving NASD arbitrations are generally subject to the FAA. *Cullen v. Paine Webber Jackson & Curtis, Inc.,* 863 F.2d 851 (11th Cir.1989). Defendants argue that the FAA precludes application of state law to limit the remedial authority that arbitrators would otherwise have by virtue of the parties' agreement. *Mastrobuono v. Shearson Lehman Hutton,* 514 U.S. 52, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995)(under the FAA, state law could not limit NASD arbitrator's broad remedial authority). Plaintiff argues that there is no conflict between the FAA and Florida law because both ensure that the agreement of the parties to allow or disallow the panel to decide attorneys fees will be enforced.

Thus, regardless of whether the FAA or Florida law controls, the threshold issue is whether the parties agreed to have the panel decide attorneys fees; under Florida law an arbitration panel can determine entitlement to attorneys' fees with the parties' agreement. *Turnberry Associates v. Service Station Aid, Inc.,* 651 So.2d 1173, 1175 (Fla.1995). Plaintiff argues that an arbitrator has no authority to award attorneys fees absent an *express* agreement. According to Plaintiff, each of the Defendants asserted their right to have the issue

---

2.

Unless otherwise provided in the agreement or provision for arbitration, the arbitrators' and umpire's expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award. West's F.S.A. § 682.11

**1318**

determined by a court. Therefore, there was no express agreement.

Plaintiff further argues that the fact the parties submitted the matter to NASD arbitration does not constitute an express agreement. At least one Florida Court has held that filing a submission agreement and requesting attorneys fees are not sufficient actions to constitute an express waiver of the limitation contained in Section 682.11, Florida Statutes. *D.H. Blair & Co. Inc. v. Johnson,* 697 So.2d 912 (Fla. 4th DCA 1997). (Parties to an arbitration had not consented to an attorneys fees determination by requesting attorneys fees in their pleadings and executing the NASD submission agreement).[3]

The Court notes that the arbitrators were obviously aware that the entitlement to attorneys fees was at issue and specifically stated in the Award that all of the parties *had* requested fees. *The Shaw Group, Inc. v. Triplefine International Corporation,* 2003 WL 22077332 *2 (S.D.N.Y.2003)(arbitrator was aware of requirement for consent to consideration of attorney's fee issue because parties brought it to his attention, and concluded that consent requirement had been satisfied). As noted, the Individual Defendants' Counterclaim sought to recover the fees they incurred as a result of Plaintiff's prosecution of its claims. Plaintiff, however, goes so far as to maintain "[t]here was absolutely no notice to Plaintiff that any

[attorneys fees] award could be rendered to Defendant." The Court finds that while Plaintiff did not have a formal opportunity to respond to Defendants' attorneys fees brief this fact is not important because Plaintiff itself argued that it could recover fees from all parties.

SunAmerica's brief states that "if no liability is imposed [upon it] then a global or general award would be appropriate" and "there may be a basis for an award of [attorneys] fees against Baird, possibly under the laws relating to vexatious litigation......" The Individual Defendants, both in their Counterclaim and in their brief filed after the hearing, requested attorneys fees based on Plaintiff s purported bad faith in bringing the claim before the panel. Evidently, the Individual Defendants also proffered testimony for two days regarding Plaintiff's alleged bad faith.[4] The Individual Defendants also raised the issue of attorneys fees in the context of breach of contract or the wage statute when discussing the reciprocal attorneys fees statute in their brief. The Court finds that the parties at least arguably agreed to submit the attorneys fees issue to the panel and notes the panel made a specific finding based on the evidence before it that the parties agreed to submit the attorneys fees issue to it. *United Paperworkers,* 484 U.S. at 38, 108 S.Ct. 364 (holding that district court may not overturn arbitration award as long as

3. However, Plaintiff itself at the briefing stage argued that by virtue of the parties' memberships with the NASD and through their Submission Agreements, the Parties all agreed that the NASD Code of Arbitration Procedure (Code) governs. The Code provides the panel with authority to determine attorney's fees. Rule 10215 of the Code states that "the arbitrator(s) shall have the authority to provide for reasonable attorneys' fee reimbursement, in whole or in part, as part of the remedy in

accordance with applicable law." Further, the Individual Defendants note that they requested attorneys fees in some of their arbitration submissions and, additionally, all the parties briefed the issue for the panel.

4. It is interesting that Plaintiff concedes that the Individual Defendants did in fact agree that the panel could award fees. (Dkt. 19, p. 11)

arbitrator was "arguably" acting within the scope of his authority).

Further, Plaintiff bears the burden of demonstrating that the arbitrators ruled on a matter not submitted to the panel. *Roche v. Local 32B–32J Service Employees Intl. Union*, 755 F.Supp. 622, 624 (S.D.N.Y.1991) (moving party bears burden of proof); *Kruse v. Sands Brothers and Co.*, 226 F.Supp.2d 484, 486–87 (S.D.N.Y.2002) (motion to vacate is not a complaint, requiring proponent of award to show that there are no facts that would justify confirmation). Plaintiff maintains that its common law claims against Defendants did not provide for attorney's fees. However, the Plaintiff asked for fees on those same claims.

Further, the possibility that arbitration panel may have misapplied or misunderstood a state statute regarding attorney fees availability does not constitute manifest disregard of law. *Isenhower v. Morgan Keegan & Co., Inc.*, 311 F.Supp.2d 1319 (M.D.Ala.2004). Plaintiff concedes that arbitration awards cannot be vacated based on misinterpretations or misapplication of the law.

Plaintiff does make one argument worthy of further discussion; Plaintiff points out that the panel's award stated that the Plaintiff was liable for "attorneys' fees for *breach of contract* and pursuant to *Section 448.08*, Florida Statutes" but notes the Counterclaim makes no reference to a wage claim or a breach of contract claim. Additionally, there was no contract between Plaintiff and Defendant SunAmerica. Plaintiff calls the panel's fee ruling "bizarre." The Court again notes that the Individual Defendants did claim a right to reciprocal attorneys fees and Plaintiff *did* articulate a breach of contract and unpaid wage claim. The Individual Defendants argued that they were entitled to attorneys fees by sheer virtue of being prevailing parties on Plaintiff's breach of contract and unpaid wage claims against them.

Further, the Court again notes that at closing argument, the Individual Defendants pled entitlement to fees based on "malice" and argued that the panel was empowered to award fees based on bad faith.[5] Plaintiff also urged the panel to have SunAmerica pay fees based on its alleged bad faith. Thus, it appears that both Plaintiff and the Defendants agreed not only that the panel could at least determine entitlement to fees whether by actually stating same or making the preliminary finding that a certain party prevailed on a claim or issue that entitled it to fees but also all agreed that the panel could grant fees based on bad faith or make a finding of bad faith that would entitle a party to fees. However, it appears that the panel had authority to award attorneys fees to SunAmerica only if it found that Baird filed the arbitration complaint in bad faith. The panel did not make a finding one way or another regarding the bad faith allegations or cite the reciprocal attorneys fees statute.

However, the panel specifically stated that all the Defendants prevailed on their claims and also that all Parties requested attorneys fees.[6] It does appear that the panel may have been mistaken when it stated the reason why the fees were

---

**5.** Bad faith can serve as a basis for an attorney fee award in absence of contract or statute. *Bitterman v. Bitterman*, 714 So.2d 356, 365 (Fla.1998).

**6.** Thus, if SunAmerica prevailed on its bad faith claim, the panel properly awarded it fees.

awarded and this presumed error may amount to a misapplication or misinterpretation of law. Even if it did, however, that finding could not serve as grounds to vacate the award; as discussed a misapplication or misinterpretation alone are not sufficient grounds to support a motion to vacate.

■ As to the amount of fees, the Individual Defendants at arbitration urged the panel to request "a Court of competent jurisdiction" decide the exact amount. However, because it appears the panel may have made an error in explaining why it awarded attorneys fees, it is impossible for this Court to determine the amount of fees and the Court declines to do so. Thus, this matter is remanded back to the arbitration panel[7] to determine the amount of each party's attorneys fee award and the Court finds that it has the authority to do so. Further, the panel is directed to state its basis for SunAmerica's attorneys fee award.

### Conclusion

Having found that Plaintiff's Motion to Vacate is denied, the Court must then review Defendants' Motion to Confirm Arbitration Award. The Court's role in this case is limited, "confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the Arbitration Act." *Cullen v. Paine Webber Jackson & Curtis, Inc.*, 863 F.2d 851, 854 (11th Cir.1989). Aside from his motion to vacate or modify the attorneys fees award, Plaintiff has filed no other objections to the award. Thus, Defendants' Motion to Confirm the award is granted.

Accordingly, it is **ORDERED**:

1. SunAmerica's Motion to Confirm Arbitration Award (Dkt. 13) is **GRANTED**. The award of the arbitrators is confirmed as to Defendants' entitlement to attorneys fees. However, Defendants' request that this Court determine the amount of fees is **DENIED** and this matter is remanded back to the arbitration panel for a determination of the basis for SunAmerica's fee award as well as a determination of the fee amount to be awarded to each party.

2. Ullman, Berquist and Calabrisotto's Motion to Confirm Arbitration Award (Dkt. 4) is **GRANTED**. The award of the arbitrators is confirmed as to the award of attorneys fees.

3. Plaintiff's Motion to Vacate or Modify Arbitration Award (Dkt. 1) is **DENIED**,

4. SunAmerica's Motion to Strike Exhibit 5 (Dkt. 11) is **MOOT**, and

5. Ullman, Berquist and Calabrisotto's Motion to Strike (Dkt. 6) is **MOOT**.

The clerk is directed to close this case.

---

7. The Florida Supreme Court has held that a Court can remand a case back to the arbitrators to have the panel specifically state a basis for an attorneys fee award. *Moser v. Barron Chase Securities, Inc.*, 783 So.2d 231 (2001).