**SPINE SURGERY, INC., By and Through Jim ODOR, M.D., Trustee, Plaintiffs,**

v.

**SANDS BROTHERS, INC.; Sands Brothers & Co., Ltd.; Martin S. Sands and Steven B. Sands, Defendants.**

No. CIV–04–590–T.

United States District Court, W.D. Oklahoma.

March 10, 2005.

Stuart W. Emmons, Federman & Sherwood, Oklahoma City, OK, Lead Attorney, William B Federman, Federman & Sherwood, Oklahoma City, OK, Lead Attorney, for Plaintiffs.

J. Edward Barth, Andrews Davis PC, Oklahoma City, OK, Lead Attorney, John F. Fischer, Andrews Davis PC, Oklahoma City, OK, Lead Attorney, Leif E. Swedlow, Andrews Davis PC, Oklahoma City, OK, Lead Attorney, for Defendants.

### ORDER

RALPH G. THOMPSON, District Judge.

The Court has before it the parties' motions requesting confirmation or vacation of an arbitration award. The Court notes a response has been filed to each motion and Plaintiffs filed a reply to Defendants' response to their motion. The matters are at issue.

### A. Standard of Review:

According to the Supreme Court, a District Court will set aside an arbitrator's decision only in very unusual and narrow circumstances such as where it is shown that the award was "procured by corruption, fraud, or undue means; [the] arbitrator exceeded his powers;" or the arbitration decision demonstrates a " 'manifest disregard' of the law." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942–43, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995) (*citing* 9 U.S.C. § 10;[1] *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953)). The Tenth Circuit has stated that, in addition to the enumerated statutory reasons set forth in § 10, there are

---

1. In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
    (1) where the award was procured by corruption, fraud, or undue means;
    (2) where there was evident partiality or corruption in the arbitrators, or either of them;
    (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
    (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C.A. § 10(a).

a handful of judicially created reasons that a district [court] may rely upon to vacate an arbitration award, and these include violations of public policy, manifest disregard of the law, and denial of a fundamentally fair hearing. "Outside of these limited circumstances, an arbitration award must be confirmed" and "[e]rrors in either the arbitrator's factual findings or his interpretation[s] of the law ... do not justify review or reversal...." "

*Sheldon v. Vermonty*, 269 F.3d 1202, 1206 (10th Cir.2001) (*citing Denver & Rio Grande W. R.R. v. Union Pac. R.R.*, 119 F.3d 847, 849 (10th Cir.1997))

Stated slightly differently: "we must give extreme deference to the determination of the arbitration panel for the standard of review of arbitral awards is among the narrowest known to law." *Sheldon*, 269 F.3d at 1206. Moreover neither an appellate court nor this Court "has the authority to second-guess the arbitrator's findings or conclusions." *Denver & Rio Grande*, 119 F.3d at 850.

Arbitration is not a perfect system of justice, nor it is designed to be. *See Gilmer [v. Interstate/Johnson Lane Corp.]*, 500 U.S. [20,] 30–32, 111 S.Ct. 1647, 114 L.Ed.2d 26 [ (1991) ] (discussing the differences between litigation and arbitration). "[W]here arbitration is contemplated the courts are not equipped to provide the same judicial review given to structured judgments defined by procedural rules and legal principles. Parties should be aware that they get what they bargain for and that arbitration is far different from adjudication." *Stroh Container [Co. v. Delphi Indus.]*, 783 F.2d [743,] 751 n. 12 [ (8th Cir.1986) ]. Arbitration is designed primarily to avoid the complex, time-consuming and costly alternative of litigation.

In the arbitration setting we have almost none of the protections that fundamental fairness and due process [usually] require.... Discovery is abbreviated if available at all. The rules of evidence are employed, if at all, in a very relaxed manner. The factfinders (here the panel) operate with almost none of the controls and safeguards [expected in litigation].

*Lee [v. Chica]*, 983 F.2d [883,] 889 [ (8th Cir.1993) ] (Beam, J. concurring in part and dissenting in part). Arbitrators need not even articulate reasons for their decisions. *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 58, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). Having entered such a contract, a party must subsequently abide by the rules to which it agreed. *Val–U Constr. [Co. v. Rosebud Sioux Tribe]*, 146 F.3d [573,] 579–80 [ (8th Cir.1998) ].

*Hoffman v. Cargill, Inc.*, 236 F.3d 458, 462–63 (8th Cir.2001) (parallel citations omitted). *See U.S. Energy Corp. v. Nukem, Inc.*, 400 F.3d 822, 828–29 (10th Cir. 2005); *Bowen v. Amoco Pipeline Co.*, 254 F.3d 925, 932 (10th Cir.2001) ("In consenting to arbitration, a party trades the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration.").

**B. Undisputed, Material Facts:**

Plaintiffs commenced the arbitration proceeding against Defendants (and others) on March 26, 2002. Plaintiffs Amended Statement of Claim was filed on May 22, 2002. (Defendants' Motion, Exhibit 2; Plaintiffs' Response, Exhibit 4.) The Amended Statement of Claim sought relief under federal and state statutory provisions as well as common-law relief.[2] (*Id.*)

---

**2.** In the award, the arbitrators stated Plaintiffs were claiming: "inappropriate investments, breach of fiduciary duty, [and] state

Plaintiffs sought compensatory damages in an amount in excess of $500,000 plus attorneys' fees and costs. (*Id.*)

The parties conducted some discovery. (Defendants' Motion, Exhibits 7 and 9.) Defendants requested dismissal of certain Defendants. (Defendants' Motion, Exhibit 8.) The parties were given notice of the date and time of the arbitration hearing. (Defendants' Motion, Exhibit 9.) The arbitration hearing was conducted over a period of several days, during which each side presented argument, documentary evidence, testimony and cross-examined the witnesses called by the other side.[3]

On April 13, 2004, the arbitration panel issued its decision. (Plaintiffs' Complaint, Exhibit 1.) The award provided, in pertinent part:

> 4. Sand [sic] Brothers, Inc., Sands Brothers & Co. LTD., Martin S. Sands and Steven B. Sands ("Respondents"), jointly and severally, shall pay to Spine Surgery, Inc. and Jim Odor, MD Trustee ("Claimants") $261,000.00 as an award on the statement of claim.
>
> 5. In addition, respondents shall pay to claimants $28,888.63 in attorneys fees and $9,217.04 in costs.

(*Id.*)

## C. Defendants' Motion to Vacate Arbitration Award:

In their motion, Defendants set forth four reasons underlying their request that the Court vacate the arbitration award. First, Defendants argue the arbitrators excluded "material evidence supporting the Defendants' defense of ratification" and

ultimately disregarded the law regarding their defense. Second, Defendants argue the arbitrators' ruling on a discovery issue was erroneous and deprived them of a fair hearing.[4] Third, Defendants argue there is no basis for a individual award against Defendant Martin Sands or Defendant Steven Sands. Finally, Defendant argues Plaintiff Spine Surgery, Inc. ("SSI") lacks standing to pursue confirmation of the arbitration award.[5]

### 1. Exclusion of Evidence & Rejection of Ratification Defense:

Defendants' first argument is presented in two parts. First, Defendants argue the arbitration panel erred when it refused to direct Plaintiff Odor to produce "evidence of [his] personal stock-trading behavior." (Defendants' Motion at 14.) Second, Defendants argue that, even without the evidence of Defendant Odor's personal stock accounts, the arbitration panel erred in rejecting their ratification defense.[6] (*Id.*) In response to the first part of Defendants' argument, Plaintiffs argue that discovery in an arbitration proceeding, if available at all, is available on a limited basis. (Plaintiffs' Response at 16.) Plaintiffs further respond that Defendants were permitted substantial leeway in pursuing their ratification defense through the presentation of other documents as well as cross-examination of Plaintiff Odor. (Plaintiffs' Response at 17.) In response to the second part of Defendants' argument, Plaintiffs argue that under the facts of this case the arbitrators' rejection of Defendants' ratification defense does not justify vacation of

---

and federal control person liability." (Complaint, Exhibit 1.)

**3.** The record reveals the arbitration hearing took place on February 24 to 27, 2004 and March 8 and 9, 2004. (Complaint, Exhibit 1.)

**4.** Defendants' first and second grounds are somewhat interrelated.

**5.** Defendants' assertion that Plaintiff SSI lacks standing to pursue confirmation of the award is discussed in a separate order.

**6.** Several pages of Defendants' motion are devoted to a discussion of the substantive law related to their ratification defense. (Defendants' Motion, pp. 7–10.)

the arbitration award. (Plaintiffs' Response at 18–19.)

As for Defendants' argument that the arbitrators erred in denying the requested discovery, the Court notes that Defendants cite no legal authority demonstrating they were entitled to the discovery they requested in an arbitration proceeding.[7] As noted above, discovery in an arbitration proceeding is inherently different—it is less extensive—than in litigation. *Gilmer v. Interstate/Johnson Lane, Corp.,* 500 U.S. 20, 31, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991); *Bowen,* 254 F.3d at 932.

■ With respect to Defendants argument that the arbitration panel erred in rejecting their ratification defense, the Court notes:

> In order to demonstrate that the arbitrator both recognized and ignored the applicable law, *Advest[, Inc. v. McCarthy],* 914 F.2d [6,] 9 [ (1st Cir.1990) ], " 'there must be some showing in the record, other than the result obtained, that the arbitrators knew the law and expressly disregarded it,' " *id.* at 10 (*quoting O.R. Sec., Inc. v. Professional Planning Assocs., Inc.,* 857 F.2d 742, 747 (11th Cir.1988)). The demand for a showing in the record sets up a high hurdle for [plaintiff] to clear, because where, as here, arbitrators do not explain the reasons justifying their award, "appellant is hard pressed to satisfy the exacting criteria for invocation of the doctrine." *Id.* "In fact, when the arbitrators do not give their reasons, it is nearly impossible for the court to determine whether they acted in disregard of

the law." *O.R. Sec.,* 857 F.2d at 747. *But see Advest,* 914 F.2d at 10 (suggesting that a court could find arbitrators in disregard of the law despite the lack of a record where "the governing law [has] such widespread familiarity, pristine clarity, and irrefutable applicability that a court could assume the arbitrators knew the rule and, notwithstanding, swept it under the rug.").

*Prudential–Bache Securities, Inc. v. Tanner,* 72 F.3d 234, 240 (1st Cir.1995). *See also U.S. Energy,* 400 F.3d 822, 829–30 ("An arbitral award is subject to reversal only if it evinces a 'manifest disregard' of the law. This court has characterized the 'manifest disregard' standard as 'willful inattentiveness to the governing law.' "); *Bowen,* 254 F.3d at 932.

In this case, Defendants recite their interpretation of the law supporting their ratification defense. (Defendants' Motion at 6–9.) Thereafter, Defendants recited some of the procedural history of the arbitration and discuss some of the evidence presented at the arbitration hearing. (Defendants' Motion at 9–13.) Defendants conclude by asking the Court to re-weigh the evidence and reach a different legal conclusion than did the arbitration panel. (Defendants' Motion at 14.)

■ The Court will not re-weigh the evidence or "second-guess the arbitrator[s'] findings or conclusions." *Denver & Rio Grande,* 119 F.3d at 850; *Bowen,* 254 F.3d at 932 (the Court "may not . . . independently judge an arbitration award"). At best,[8] Defendants argue the arbitrators made an erroneous legal decision when they (apparently [9]) rejected the ratification

---

**7.** Neither side provided the Court with a copy of Rule 619 of the New York Stock Exchange which, apparently, governed discovery in the arbitration proceeding. (Defendant's Motion, Exhibit 9.)

**8.** As it would not proper to do so, the Court has not determined whether the arbitrators

made an erroneous legal decision regarding Defendants' ratification defense.

**9.** The legal basis for the arbitrators' decision is not expressed in the arbitration award (Complaint, Exhibit 1) nor was it required to be expressed therein. *Gilmer,* 500 U.S. at 31, 111 S.Ct. 1647.

defense. However, a mere error in a decision is not enough to justify vacatur of an arbitration award. *Bowen,* 254 F.3d at 932. In order to prevail, Defendants must show that the "arbitrators knew the law and expressly disregarded it." *Prudential–Bache,* 72 F.3d at 240. They have not done so. Accordingly, the Court rejects Defendants first basis for vacating the arbitration award.

### 2. Discovery Issues:

In their second argument, Defendants argue they were denied a full and fair hearing when the arbitrators rejected their demand that Plaintiff Odor produce "documents about [his] personal trading experience" because the absence of such documents may have limited their ability to cross-examine Plaintiff Odor.[10] (Defendant's Motion at 14.) Thus, Defendants conclude they were denied a fundamentally fair hearing.

█ In response, Plaintiffs argue that the arbitration hearing was not fundamentally unfair. First, Plaintiffs argue Defendants' counsel questioned Plaintiff Odor "for several days concerning trades he conducted in his individual brokerage accounts." (Plaintiff's Response at 17.) Second, Plaintiffs state that several of Plaintiff Odor's personal tax returns, "itemizing Dr. Odor's securities sales (as well as many buys)," were admitted by the arbitration panel. (*Id.*)

An arbitrator "must grant the parties a fundamentally fair hearing." *Bowles Fin. Group, Inc. v. Stifel, Nicolaus & Co.,* 22 F.3d 1010, 1012 (10th Cir.1994). "[A] fundamentally fair hearing requires only notice, opportunity to be heard and to present relevant and material evidence and argument before the decision makers, and that the decisionmakers are not' infected with bias." *Id.* at 1013. Even if the arbitrator erroneously excluded material evidence, we will not vacate the award unless the error deprived a party of a fundamentally fair hearing. *See* 9 U.S.C. § 10(a)(3) (requiring vacatur only when the arbitrator's refusal to hear pertinent and material evidence constitutes misconduct).

*Bad Ass Coffee Co. of Hawaii v. Bad Ass Coffee Limited Partnership,* 25 Fed. Appx. 738, 743, 2001 WL 1334377 at *3 (10th Cir.2001).

Not all failures to receive relevant evidence constitute misconduct, requiring a court to vacate an arbitration award. *Newark Stereotypers' Union No. 18 v. Newark Morning Ledger Co.,* 397 F.2d 594, 599 (3d Cir.1968) (stating that in order to vacate an arbitration award on the basis of an error in excluding evidence, the error must "so affect[ ] the rights of a party that it may be said that he was deprived of a fair hearing."); *Flender Corp. v. Techna–Quip Co.,* 953 F.2d 273, 280 (7th Cir.1992). Such misconduct occurs when an arbitration panel fails to employ "basic notions of fairness and due process" and "grossly and totally block[s]" a party's right to be heard. *Plumbers' Pension Fund, Local 130, U.A. v. A–Best Plumbing & Sewer, Inc.,* 1991 WL 10006 at *3 (N.D.Ill.1991) (*citing Lebda v. Charles Schwab & Co., Inc.,* 1990 WL 43531 at *5 (N.D.Ill. 1990)).

*Lee v. McDonald Securities, Inc.,* 2004 WL 2535277 at *3 (N.D.Ill.2004).

█ As the undisputed facts demonstrate, Defendants were not deprived of a fundamentally fair hearing. They were given notice. They were given the opportunity to present relevant evidence and

---

**10.** Defendants acknowledge that they do not know what the documents would have revealed as they suggest the documents might have supported either party's position. (Defendants' Motion at 16.)

argument, and they did so. There is no evidence suggesting the arbitration panel was biased.

The limitation on evidence relevant to Defendants' desire to cross-examine Plaintiff Odor regarding his sophistication as an investor did not deprive Defendants of a fair hearing as Defendants were able to introduce a significant amount of evidence and argument regarding Plaintiff Odor's trading activity and relevant sophistication. The arbitration panel, after hearing all the evidence, awarded Plaintiffs approximately 52% of the amount they sought in their Amended Statement of Claim. Therefore, given the inherent fact that arbitration proceedings are more informal and designed to be expedited, the Court concludes the limitation on the evidence did not deprive Defendants of a fundamentally fair hearing. Accordingly, the Court rejects Defendants' second ground for vacating the arbitration award.

3. *Individual Liability of Defendant Martin Sands and Defendant Steven Sands:*

■ Finally, Defendants argue the arbitrators' decision to hold Defendant Martin Sands and Defendant Steven Sands jointly and severally liable with Defendant Sands Brothers, Inc. and Defendant Sands Brothers & Co., Ltd. shows a manifest disregard of the law and evidence. (Defendant's Motion at 17–22.) In response, Plaintiffs argue the evidence presented at the hearing supported the finding of individual liability. (Plaintiffs' Response at 19–22.)

As noted above, a mere error in application of the law will not suffice to justify vacation of an arbitration award. *Bowen,* 254 F.3d at 932. Defendants have not shown the arbitration panel "knew the law and expressly disregarded it." *Prudential–Bache,* 72 F.3d at 240. Thus, the Court rejects the third basis for vacating the arbitration award.

**D. Plaintiffs' Motion to Confirm the Arbitration Award:**

■ Plaintiffs moved to confirm the arbitration award, citing 9 U.S.C. § 9. That section of the Federal Arbitration Act provides, in pertinent part:

If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

As Defendants have not demonstrated a basis for vacating, modifying or correcting the arbitration award, the Court finds it should be confirmed. *Id.*

**E. Plaintiffs' Request for Attorneys' Fees:**

Plaintiffs also request the Court award them their attorneys' fees incurred in this proceeding. Defendants deny Plaintiffs are entitled to an award of attorneys' fees.

Upon review of the parties' briefs, the Court finds Plaintiffs' request for an award of attorneys' fees should be denied at this time as Plaintiffs have not submitted any evidentiary materials supporting their request for an award of attorneys' fees. Plaintiffs are, however, granted leave of Court to file a motion setting forth all legal authority supporting their request for at-

torneys fees as well as an itemized statement of the amount of legal fees sought. If Plaintiffs timely file such a motion, the Court will determine, after allowing Defendants an appropriate amount of time to respond, the amount of attorneys' fees, if any, to which Plaintiffs are entitled.

## CONCLUSION

For the foregoing reasons, "Defendant's [sic] Motion to Vacate Arbitration Award" (Doc. No. 19) is DENIED and "Plaintiff's Motion to Confirm Arbitration Award" (Doc. No. 21) is GRANTED.

IT IS SO ORDERED.