**Washburn S. OBERWAGER; Dinesh R. Desai; First Britannia Mezzanine Capital BV; First Britannia Mezzanine NV; International Mezzanine Capital BV; and International Mezzanine Investment NV; (collectively, the "Sellers"), Appellants**

v.

**McKECHNIE LTD., formerly McKechnie PLC; Western Sky Industries, LLC, successor to McKechnie U.S. Holdings, Inc. (collectively the "Buyers").**

No. 08–1117.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) June 11, 2009.

Filed Oct. 20, 2009.

David G. Butterworth, Esq., Haverford, PA, for appellants.

David M. Laigaie, Esq., Dilworth Paxson, Philadelphia, PA, for Appellees.

Before: McKEE, HARDIMAN, and VAN ANTWERPEN, Circuit Judges.

## OPINION OF THE COURT

McKEE, Circuit Judge.

Plaintiffs appeal the district court's order granting summary judgment in favor of the Defendants based on that court's conclusion that Plaintiffs' motion to vacate was untimely. Plaintiffs argue that the district court erroneously relied on our decision in *Roadway Package System, Inc. v. Kayser*, 257 F.3d 287 (3d Cir.2001), be-

cause *Roadway Package* is no longer viable following the Supreme Court's decision in *Hall Street Associates v. Mattel, Inc.*, 552 U.S. 576, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008). For the reasons that follow, we will affirm the decision of the district court.[1]

### I.

As we write primarily for the parties, we need not recite the facts or procedural background except insofar as they are helpful to our discussion.

This case arises from a stock purchase agreement ("SPA") entered into by the parties in 1999, providing for arbitration of any dispute arising from the agreement. The SPA also contained a generic choice-of-law provision which stated that the agreement was to be "governed by and construed in accordance with the laws of the State of Delaware without regard to choice of law principles...."

In 2004, the parties entered into arbitration to resolve a dispute that had arisen under the SPA. The arbitrator resolved that dispute in Defendants' favor, and Plaintiffs then initiated this action under the Delaware Uniform Arbitration Act ("DUAA") in the Eastern District of Pennsylvania in an attempt to vacate the arbitration award.[2]

Defendants moved for summary judgment on the grounds that the action was untimely under § 12 of the FAA, which requires that a motion to vacate an arbitration award be served upon the adverse

1. The district court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a motion to vacate a commercial arbitration award is *de novo*. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir.2003).

2. Plaintiffs initiated this action by filing a complaint and subsequently amending that complaint rather than by filing a motion to

vacate the arbitration award as is required under the FAA. However, the district court appropriately exercised its discretion to consider the amended complaint as a motion to vacate the arbitration award, *see O.R. Sec., Inc. v. Prof'l Planning Assocs.*, 857 F.2d 742, 745 (11th Cir.1988), and we will therefore proceed as if Plaintiffs had initiated this action as a motion to vacate.

party within three months of the filing of the award. In response, Plaintiffs argued that because of the choice-of-law provision in the SPA, the DUAA, rather than the FAA, applied, and that the action was timely under Delaware law as set forth in the DUAA.

## II.

■ Plaintiffs argue that the district court erred in concluding that the FAA, rather than the DUAA, governed their motion to vacate. They argue that the Supreme Court's decision in *Hall Street* makes *Roadway* inapposite by clarifying that parties may seek judicial review of arbitration decisions under any applicable law, so long as the law is not preempted by the FAA.[3] Plaintiffs' argument is without merit.

As the district court noted, it is uncontested that the SPA falls within the broad reach of the FAA. However, as we explained in *Roadway Package*, parties can contract out of the FAA and select alternate rules to govern arbitration proceedings between them. To do so, parties must "manifest[ ] a clear intent," 257 F.3d at 293, and a generic choice-of-law provision, standing alone, is not sufficient evidence of such intent, *id.* at 289, 257 F.3d 287.

As noted at the outset, Plaintiffs argue that *Roadway* has been undermined by the Supreme Court's intervening decision in *Hall Street*. According to Plaintiffs, *Hall Street* effectively overruled *Roadway* under the circumstances here,[4] and now allows review of an arbitration award pursuant to any applicable law, so long as that law is not preempted by the FAA. Plaintiffs base this argument on the following language which they pluck from *Hall Street*: "[t]he FAA is not the only way into court for parties wanting review of arbitration awards: they may contemplate enforcement under state statutory or common law, for example, where judicial review of different scope is arguable." *Hall Street*, 128 S.Ct. at 1406.

According to Plaintiffs, these few sentences undermine the contractual intent framework elucidated in *Roadway*, and usher in a new regime in which a plaintiff may select any cause of action, so long as it is not preempted by the FAA. Plaintiffs insist that, after *Hall Street*, the essential inquiry in determining the applicable law in situations such as these is not the parties' intent beforehand as expressed in the arbitration agreement. Rather, it is the plaintiffs subsequent intent as set forth in the action to vacate an arbitration award. Because Plaintiffs only assert claims under the DUAA, they argue that the district court erred in relying on time limitations established in the FAA. The argument is merit less.

---

3. Plaintiffs also argue that the district court erred by failing to consider whether application of the FAA was inappropriate in light of *Guaranty Trust Co. v. York*, 326 U.S. 99, 111, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), and its policy against forum shopping. As Defendants note, this argument is not relevant to the issues before us and we will therefore not address it.

4. *Hall Street* resolved a split of authority among the Circuit Courts of Appeals as to whether parties to agreements subject to the FAA could supplement by contract the standards for vacatur and modification of arbitration awards set forth in §§ 9, 10, and 11 of the FAA. The Court concluded that they could not. It is therefore uncontested that *Hall Street* abrogates one holding of *Roadway*, that parties to agreements subject to the FAA can specifically contract out of the FAA standards of review. Plaintiffs argue, however, that certain *dicta* in *Hall Street* also abrogate the second holding of *Roadway*, that a generic choice-of-law clause is insufficient to demonstrate an intent to contract around the FAA entirely. We disagree.

■ The few sentences cited by Plaintiffs merely reiterate the long-standing rule that, under certain circumstances, parties may choose to opt-out of the FAA. This language does not, however, change the fundamental mechanism through which parties actually express that choice. They still must express it beforehand in the applicable provisions of their arbitration agreement. In *Roadway*, we held that a generic choice-of-law provision is insufficient to evidence the clear intent necessary to opt out of the FAA's default regime.[5] *Hall Street* does not alter that holding.

## III.

For the reasons stated above, we will affirm the decision of the District Court.

---

5. In their Reply brief, Plaintiffs change their argument substantially, and argue that *Roadway* is inapplicable here, not because of *Hall Street*, but because our decision in *Roadway* concerned preemption, rather than contract construction. It is, of course, inappropriate to raise an argument for the first time in a Reply brief. Moreover, the argument is belied by our clear assertion in *Roadway* that the question before us was "not one of choice-of-law or preemption" but "simply a matter of contract construction." 257 F.3d at 294.