# IN THE SUPREME COURT OF THE STATE OF NEVADA

STEVE LEIBOWITZ, AN INDIVIDUAL;
AND BARBARA ANN STRZELEC, AN
INDIVIDUAL,
Appellants,
vs.
SANDRA HUNT, AN INDIVIDUAL,
Respondent.

No. 70094

**FILED**

MAY 10 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER VACATING AND REMANDING

This is an appeal from a district court order granting a motion to confirm an arbitration award. Eighth Judicial District Court, Clark County; William D. Kephart, Judge.

The underlying action is a dispute over rights to an investment account. The parties agreed to private binding arbitration to resolve claims against each other and the arbitrator ruled in favor of respondent. Respondent filed a motion to confirm the award in district court and appellants opposed the motion and moved to vacate the award based on the arbitrator's failure to disclose his attorney-client relationship with respondent's attorney, thus demonstrating evident partiality. The district court granted the motion to confirm the award and denied the motion to vacate, finding, as relevant here, that appellants "failed to make a clear and convincing showing of evident partiality as required under NRS 38.241(1)(b)." Appellants appealed and the matter was transferred to the Court of Appeals. *See* NRAP 17(b). After the Court of Appeals affirmed, appellants petitioned for this court's review. We granted review and now enter this disposition. NRAP 40B(f) and (g).

Appellants argue that the arbitrator failed to disclose his contemporaneous representation of opposing counsel in another matter in

18-17895

advance of his retention in the underlying case, and this failure created a reasonable impression of partiality, requiring the arbitration award to be vacated. In response, respondent does not expressly contend that the arbitrator specifically disclosed that he represented respondent's attorney Naomi Arin in a matter ongoing at the time he agreed to preside over the arbitration.[1] Instead, she asserts that declarations provided by her attorneys indicate that "at the beginning of the arbitration," the arbitrator "made clear" to the parties that he had a "long, multi-faceted relationship" with respondent's counsel, which "could be viewed as a conflict," and "before the hearing, [the arbitrator] spent at least ten minutes between discussing the long professional and personal history he had with both [appellants' and respondent's attorneys]."[2] Respondent also asserts that the arbitrator asked the parties if they had any questions or concerns about his prior relationships but no one expressed concern. Although respondent acknowledges that appellants and their attorney provided declarations stating that the arbitrator failed to disclose his attorney-client relationship

---

[1]We are not persuaded by respondent's argument that summary affirmance is warranted because appellants shirked their responsibility to provide an adequate record on appeal. Appellants apparently served an appendix with their opening brief and the appendix was later filed after this case was transferred to the Court of Appeals.

[2]While relying on her attorney's declarations, respondent also asserts that "the only evidence that could prove whether the Arbitrator disclosed his working relationship with Ms. Arin would be a transcript of the arbitration proceedings," which cannot be provided because the proceedings were not recorded. We disagree that a transcript of the proceeding is the only evidence that could prove whether the disclosure was made. The arbitrator's representation of Arin in the unrelated matter was ongoing at the time he was selected as arbitrator, and therefore, the disclosure should have been revealed before the arbitration hearing.

with Arin, she asserts that in determining that appellants "failed to make a clear and convincing showing of evident partiality," "the District Court effectively found [her] counsel were more credible in their testimony that the Appellants [ ] were informed of the working relationship" between the arbitrator and Arin.

This court reviews de novo a district court's decision on a motion to vacate an arbitration award based on nondisclosure-evident partiality. *Thomas v. City of N. Las Vegas*, 122 Nev. 82, 97, 127 P.3d 1057, 1067 (2006) (observing that "the proper standard of review for district court orders vacating or confirming an arbitration award for evident partiality is . . . de novo"); *see Health Plan of Nev., Inc. v. Rainbow Med., LLC*, 120 Nev. 689, 695, 100 P.3d 172, 177 (2004) (noting that questions of law are subject to de novo review). A claim of evident partiality based on nondisclosure does not require a showing of actual bias, as the nondisclosure of a relationship itself establishes evident partiality. *See Thomas*, 122 Nev. at 98, 127 P.3d at 1068 (citing *Commonwealth Coatings Corp. v. Continental Casualty Co.*, 393 U.S. 145, 149 (1968)).

Here, although the arbitrator disclosed his long-standing professional relationships with the parties' attorneys, appellants assert that the arbitrator failed to disclose his contemporaneous attorney-client relationship with respondent's attorney, and that relationship requires specific disclosure. *See* NRS 38.227(1)(b). The alleged nondisclosure of that relationship therefore constituted prima facie grounds for vacating the award. NRS 38.227(4)(a); NRS 38.241(1)(b); *Thomas*, 122 Nev. at 98, 127 P.3d at 1068. Thus, because the nondisclosure itself establishes evident partiality, the district court's determination that appellants "failed to make a clear and convincing showing of evident partiality" was erroneous.

 

Whether the arbitrator disclosed that relationship with the required specificity remains factually disputed, and we are not persuaded by respondent's argument that the district court's decision here "turned on credibility" because the district court denied the motion to vacate without the benefit of an evidentiary hearing[3] and thus had no opportunity to evaluate the evidence and make corresponding credibility determinations.

Respondent's competing declarations did not necessarily rebut appellants' contention. But even if respondent did rebut appellants' prima facie showing of evident partiality by asserting that the arbitrator adequately disclosed his relationships with counsel and appellants thereafter failed to object to his serving as arbitrator, an evidentiary hearing is required to determine the extent of the disclosure and whether it was legally sufficient.[4] Disclosures regarding relationships with the parties

---

[3]Although the district court held a motions hearing, which lasted three minutes, it declined to even hear argument, stating that it had already determined that the award would be confirmed.

[4]Respondent's reliance on Naomi Arin's declaration is not dispositive here, as waiver applies only where a party has full knowledge of the facts, *Thompson v. City of North Las Vegas*, 108 Nev. 435, 439, 833 P.2d 1132, 1134 (1992), and on this record, it is unclear that appellants knew of the arbitrator's concurrent attorney-client relationship with Arin. Arin's declaration states that in a conversation with appellant's counsel, Don Bennion, she "specifically recalls stating she was amenable to J. Mitchell Cobeaga, but also suggested the Honorable Jackie Glass as a possible arbitrator because she had done such an excellent job bringing [Arin's case] to conclusion with J. Mitchell Cobeaga as [Arin's] counsel, replacing Imanuel B. Arin, Esq." It is unclear whether Arin's conversation with Bennion included all of that supporting detail as a basis for her alternative recommendation or whether she was attesting only that she suggested an alternative arbitrator. Regardless, subsequent declarations from appellants and Bennion expressly denied ever being told that Cobeaga was representing Arin in an ongoing matter.

 

or their attorneys must be made with enough specificity for the parties to understand that a potential conflict exists, including the extent of the relationship and whether it is ongoing. *Univ. Commons-Urbana, Ltd. v. Universal Constructors Inc.*, 304 F.3d 1331, 1341 (11th Cir. 2002) (applying the FAA's partiality standards, which are consistent with Nevada's adoption of the Uniform Arbitration Act, in concluding that an arbitrator is required to specifically disclose concurrent legal interactions with a lawyer who represents a party in the arbitration); *see id.* (vacating a district court order confirming an arbitration award and remanding for the court to determine whether the award should be vacated based on evident partiality, and in so doing, pointing out that where the record before the reviewing court indicates that the relationship between an arbitrator and counsel was not disclosed with proper specificity for the parties to determine whether a conflict existed, "the district court should have plunged headlong into evidentiary fact-finding" (citing *Legion Ins. Co. v. Ins. Gen. Agency, Inc.*, 822 F.2d 541, 542-43 (5th Cir. 1987) ("[S]ome motions challenging arbitration awards may require evidentiary hearings outside the scope of the pleadings and arbitration record."); *In re Sanko S.S. Co., Ltd. v. Cook Indus., Inc.*, 495 F.2d 1260, 1262-63 (2d Cir.1973) (finding discrepancies regarding an arbitrator's possible conflicts and his disclosures about those conflicts, and deciding that "[t]hese discrepancies require that [the] case be remanded so that an evidentiary hearing may be held"))); *see also Nordic PCL Constr., Inc. v. LPIHGC, LLC*, 358 P.3d 1, 3 (Haw. 2015) (observing that when an evident partiality motion to vacate involves disputed material facts, the district court should hold an evidentiary hearing, regardless of whether any party requests one, and render factual findings and legal conclusions supporting its decision, such as whether the arbitrator made the required

disclosure, or that despite a violation, the objection was not timely or had been waived).

Accordingly, because appellants presented prima facie grounds for vacating the award based on nondisclosure-evident partiality, and factual disputes remain as to whether the arbitrator disclosed his attorney-client relationship with respondent's counsel with specificity, we

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court to hold an evidentiary hearing and proceedings consistent with this order.[5]

_____, C.J.
Douglas

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cherry

_____, J.
Hardesty

_____, J.
Stiglich

cc:     Hon. William D. Kephart, District Judge
        Michael H. Singer, Settlement Judge
        Law Office of S. Don Bennion
        Marquis Aurbach Coffing
        Naomi R. Arin
        Eighth District Court Clerk

[5]The Honorable Mark Gibbons, Justice, did not participate in the decision of this matter.

SUPREME COURT
OF
NEVADA

(O) 1947A